## BERMAN *v.* UNITED STATES.

No. 26.   Argued November 9, 1937.—Decided December 6, 1937.

*Mr. Samuel H. Kaufman,* with whom *Messrs. Emil Weitzner* and *Isadore Polier* were on the brief, for petitioner.

*Mr. William W. Barron,* with whom *Solicitor General Reed, Assistant Attorney General McMahon* and *Mr. W. Marvin Smith* were on the brief, for the United States.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

On conviction upon an indictment containing several counts for using the mails to defraud (18 U. S. C. 338) and for conspiracy to that end (18 U. S. C. 88), petitioner was sentenced on each count to serve a year and a day,

the terms of imprisonment to run concurrently. Execution of the sentence was suspended and petitioner was placed on probation for two years. Petitioner appealed from the sentence.

While the appeal was pending and without its withdrawal, petitioner fearing its dismissal applied to the District Court for resentence. That court reimposed the prior sentence of imprisonment, again suspending its execution, and added a fine of one dollar upon each count. The court did not vacate the prior sentence. Petitioner then appealed from the second sentence.

The Circuit Court of Appeals held that, by reason of suspension of its execution, the first sentence was interlocutory and dismissed the first appeal. Assuming that appeal to be a nullity, the Court of Appeals thought that the District Court had power to resentence; that petitioner could not complain of the fine as it was imposed at his request; and that the second sentence of imprisonment, if taken alone, was interlocutory. The judgment imposing the fine was affirmed and the appeal from the second sentence of imprisonment was dismissed. 88 F. (2d) 645.

We are of the opinion that the Court of Appeals erred in dismissing the first appeal as interlocutory. Petitioner was convicted and sentenced. Final judgment in a criminal case means sentence. The sentence is the judgment. *Miller* v. *Aderhold*, 288 U. S. 206, 210; *Hill* v. *Wampler*, 298 U. S. 460, 464. Here, the imposition of the sentence was not suspended, but only its execution. The sentence was not vacated. It stood as a final determination of the merits of the criminal charge. To create finality it was necessary that petitioner's conviction should be followed by sentence (*Hill* v. *Wampler, supra*) but when so followed the finality of the judgment was not lost because execution was suspended. In criminal cases, as well as civil, the judgment is final for the purpose of appeal

"when it terminates the litigation . . . on the merits" and "leaves nothing to be done but to enforce by execution what has been determined." *St. Louis, I. M. & S. R. Co.* v. *Southern Express Co.,* 108 U. S. 24, 28; *United States* v. *Pile,* 130 U. S. 280, 283; *Heike* v. *United States,* 217 U. S. 423, 429.

Petitioner stands a convicted felon and unless the judgment against him is vacated or reversed he is subject to all the disabilities flowing from such a judgment. The record discloses that petitioner is a lawyer and by reason of his conviction his license was subject to revocation (and petitioner says that he has been disbarred) without inquiry into his guilt or innocence. *Matter of Ackerson,* 218 App. Div. (N. Y.) 388, 392; 218 N. Y. S. 654. His civil rights may be determined solely by reference to the judgment.

Placing petitioner upon probation did not affect the finality of the judgment. Probation is concerned with rehabilitation, not with the determination of guilt. It does not secure reconsideration of issues that have been determined or change the judgment that has been rendered. Probation or suspension of sentence "comes as an act of grace to one convicted of a crime." *Escoe* v. *Zerbst,* 295 U. S. 490, 492, 493. The considerations it involves are entirely apart from any reëxamination of the merits of the litigation. Probation was designed "to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation which actual service of the suspended sentence might make less probable." Thus probation cannot be demanded as a right. "The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain." *Burns* v. *United States,* 287 U. S. 216, 220. But if final judgment determining his guilt has been rendered, he still has the opportunity to seek by appeal a reversal of that judgment and thus to secure not an opportunity to reform but vindication.

214

As the first sentence was a final judgment and appeal therefrom was properly taken, the District Court was without jurisdiction during the pendency of that appeal to modify its judgment by resentencing the prisoner. *Draper* v. *Davis,* 102 U. S. 370, 371; *Keyser* v. *Farr,* 105 U. S. 265, 266; *Spirou* v. *United States,* 24 F. (2d) 796, 797; *United States* v. *Radice,* 40 F. (2d) 445, 446; *United States* v. *Habib,* 72 F. (2d) 271.

The judgment of the Circuit Court of Appeals is reversed so far as it dismissed the first appeal and affirmed the later judgment imposing the fine, and the cause is remanded to that court for further proceedings in conformity with this opinion.

*Reversed.*