## UNITED STATES v. SOTZEK, and four other cases.

District Court, S. D. New York.

Dec. 7, 1943.

James B. M. McNally, U. S. Atty., of New York City (Louis Bender, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

David S. Kumble, of New York City, for defendants.

BRIGHT, District Judge.

The defendants in each of the above actions ask for an order staying execution of the judgment entered, and directing plaintiff forthwith to release them from custody.

Actions had previously been brought to cancel the certificates of citizenship issued to each defendant (formerly citizens of Germany) and had resulted adversely to each of them. United States v. Kuhn et al., D.C., 49 F.Supp. 407. Judgments were entered against the defendants Von Holt, Koehler and Wunschel on June 1, 1943, and against the defendants Sotzek and Ulrich on June 4, 1943. Each of the defendants appealed on September 1, 1943.

Each of the judgments provided that the certificates of citizenship issued to each defendant and the order directing the issuance of same, be cancelled and declared void, that each defendant surrender his certificate to the clerk of this court, and that each defendant was not and never had been a duly naturalized citizen, and each was enjoined from setting up or claiming any rights or privileges as such.

After the entry of judgment, each of the defendants was apprehended under Presidential warrants as alien enemies, and they have since been confined or interned at Ellis Island. The motion now made, as stated in the briefs submitted in behalf of defendants, is in effect that defendants be restored to the status they would have enjoyed had no final judgment been entered.

The granting of this motion to that extent would render nugatory the adjudication already made pending the prosecution and determination of the appeal; in other words, would set aside the judgment which determines that the defendants are no longer citizens. I am not inclined to do that or to change the determination already made. If I did so, it would seem to me that the appeal would no longer be effective; there would be no appealable determination.

A stay of the judgment pending the appeal would not affect the present status of the defendants as alien enemies. Their citizenship would no longer exist. Ber-

man v. United States, 302 U.S. 211, 213, 58 S.Ct. 164, 82 L.Ed. 204; Huron Corp. v. Lincoln Co., 312 U.S. 183–189, 61 S.Ct. 513, 85 L.Ed. 725.

The judgment entered did not direct the internment or apprehension of any of the defendants. That has followed because of some subsequent proceeding or action taken pursuant to the Alien Enemy Act, Section 21 of Title 50 U.S.C.A. Even had I authority to interfere with the order in that matter, which I seriously doubt, it could not be done upon this motion.