**MARION v. UNITED STATES.**

No. 11738.

Circuit Court of Appeals, Ninth Circuit.

Nov. 3, 1947.

As Amended Nov. 24, 1947.

Martin L. Marion, in· pro. per.

Miles N. Pike, U. S. Atty., and Bruce R. Thompson, Asst. U. S. Atty., both of Reno, Nev., for appellee.

Before DENMAN, BONE and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying appellant's several motions in the course of a proceeding for a new trial and for an arrest of a judgment sentencing him to imprisonment for successive terms amounting to 16 years, for violations of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and for conspiracy with respect thereto.

One of appellant's denied motions is for a writ of habeas corpus to bring him to Nevada to participate in his motion for a new trial from the Leavenworth Penitentiary to which he was committed. Another is for the appointment of counsel during his proceeding in the District Court on his motion for a new trial. The court denied both motions. The latter it denied apparently on the ground that though one cannot take an appeal until his district court proceeding for a new trial is disposed of, during which time the district court and not the appellate court has jurisdiction, such new trial procedure is nevertheless a part of an

appeal. It seems to have been thought that an accused man is not entitled to counsel on appeal where as here the statute allows him an appeal, because the Sixth Amendment does not require Congress or a state legislature to create an appellate procedure.

Appellant's appeal from the denial of this motion purports to present to us not only (a) the question whether the district court procedure on motion for new trial does not require appointment of counsel under the Sixth Amendment but also (b) the question of the right to be present or to have counsel on appeal where appeal is a process created by Congress, as a part of due process of law under the Fifth Amendment as stated in Frank v. Mangum, 237 U.S. 309, 327, 35 S.Ct. 582, 587, 59 L.Ed. 969, as stated for the Fourteenth Amendment: "And while the 14th Amendment does not require that a state shall provide for an appellate review in criminal cases * * * it is perfectly obvious that where such an appeal is provided for, and the prisoner has had the benefit of it, the proceedings in the appellate tribunal are to be regarded as a part of the process of law under which he is held in custody by the state, and to be considered in determining any question of alleged deprivation of his life or liberty contrary to the 14th Amendment."

Appellee moves for the dismissal of the appeal from these two orders on the ground that they are not final decisions within 28 U.S.C.A. § 225 providing "The circuit courts of appeals shall have appellate jurisdiction to review by appeal final decisions— In the district courts, in all cases save where a direct review of the decision may be had in the Supreme Court under section 345 of this title."

That the right to counsel in all the district court proceedings is of great importance to a defendant is obvious. While it is true that so far as concerns the disposition of the motion for a new trial the denial of the right to participate there with counsel is final, it is not the finality which warrants appeal. That finality is that disposing of the motion for a new trial to which these, the denied motions, are prior incidents. Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204; Jacobs v. United States, 9 Cir., 8 F.2d 981, 983. It well may

be that the motion for a new trial will be granted and no right of appeal ever arise.

Another motion was for a subpoena ad testificandum and duces tecum to be used in connection with the pending motion for a new trial. For the same reason its denial is not a final decision.

The motion to dismiss the appeal is ordered granted.

BONE, J., concurs in the result.