765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
ANGELINA MCGRAW, DEFENDANT-APPELLANT.
 NO. 85-1179
 United States Court of Appeals, Sixth Circuit.
 5/13/85
 
 ORDER
 BEFORE: KEITH, MARTIN, and JONES, Circuit Judges.
 
 
 1
 This matter is before the Court on defendant's motion for release pending appeal.
 
 
 2
 Defendant was found guilty of possession of Didrex, a Schedule III non-narcotic controlled substance, in violation of 21 U.S.C. Sec. 844(a) on December 19, 1984. She filed a motion for judgment of acquittal, or alternatively, for a new trial on December 26, 1984. The motion for a new trial was based on allegedly erroneous jury instructions. On January 24, 1985, the district court entered an order denying defendant's motions for a judgment of acquittal and for a new trial. Later that same day, the district court sentenced defendant from the bench, but the final judgment was not entered until February 7, 1985. On February 1, 1985, defendant filed her notice of appeal specifying that the appeal was from the order denying her motion for a new trial. Defendant's motion for release of judgment pending appeal was denied by the district court. She has moved this Court for release pending appeal and the United States has filed a response.
 
 
 3
 Defendant's notice of appeal specifies that she is appealing from the order denying her motion for a new trial. Unless a motion for a new trial is based on newly discovered evidence, and defendant's is not, an order denying such a motion is not final or appealable. 3 C. Wright, Federal Practice and Procedure Sec. 559 (2nd ed. 1984); 6A W. Moore, Federal Practice Sec. 59.15 (2nd ed. 1984). Further, defendant's notice of appeal was filed on February 1, 1985, and final judgment was not entered until February 7, 1985. Federal Rules of Appellate Procedure 4(b). Generally, where no judgment of conviction, sentence and commitment has been entered, an order denying a new trial is a non-final, non-appealable order. United States v. Battista, 418 F.2d 573 (3rd Cir. 1969). The proper procedure is an appeal from the final judgment, which, in a criminal case, is the sentence. Berman v. United States, 302 U.S. 211 (1937), Federal Rules of Appellate Procedure 4(b).
 
 
 4
 It is ORDERED that defendant's appeal be dismissed for lack of jurisdiction. Defendant's motion for release pending appeal is dismissed as moot.