860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Edward FLEMING, Defendant-Appellant.
 No. 88-5695.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1988.
 
 Before MERRITT, BOYCE F. MARTIN Jr. and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of defendant's response to this Court's September 20, 1988 order directing the defendant to show cause why this appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 On June 8, 1988, the district court entered the judgment and commitment order sentencing the defendant for possession with intent to distribute cocaine and various firearms violations. The defendant filed a notice of appeal with the district court on June 24, 1988, sixteen days after entry of judgment. The defendant has now filed a response, alleging excusable neglect for the failure to timely appeal.
 
 
 3
 Rule 4(b), Fed.R.App.P., provides that a notice of appeal in a criminal action must be filed within ten days from the entry of judgment. The final judgment for purposes of 28 U.S.C. Sec. 1291 in a criminal proceeding is the sentence. Berman v. United States, 302 U.S. 211, 212 (1937). Timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 264 (1978); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). The appellant may move the district court for an extension of time in which to appeal upon a showing of excusable neglect, provided that such motion is made within forty (40) days from the entry of judgment. Rule 4(b), Fed.R.App.P.; United States v. Robinson, 361 U.S. 220, 224 (1960). In the present case, however, such an extension of time was neither sought nor granted.
 
 
 4
 The defendant argues in his response filed October 7, 1988, that the failure to timely file a notice of appeal was excusable, attributing the delay to difficulties in forwarding the appellate filing fees to counsel and to other professional obligations of counsel. These assertions do not entitle the defendant to additional time in which to appeal. Accordingly,
 
 
 5
 It is ORDERED that the show cause order entered September 20, 1988 is hereby discharged and this appeal is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.