914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald J. EMKE, Defendant-Appellant.
 No. 90-1721.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court for consideration of defendant's response to this court's July 17, 1990 order directing the defendant to show why this appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 On March 30, 1989, the district court entered the judgment and commitment order sentencing the defendant for mail fraud. On June 13, 1989, the defendant filed a motion to reduce sentence which was denied on July 14, 1989. The defendant filed a motion to vacate, set aside and/or correct sentence on October 24, 1989, which appears to be pending in the district court. On June 18, 1990 defendant filed his notice of appeal.
 
 
 3
 Rule 4(b), Fed.R.App.P., provides that a notice of appeal in a criminal action must be filed within ten days from the entry of judgment. The final judgment for purposes of 28 U.S.C. Sec. 1291 in a criminal proceeding is the sentence. Berman v. United States, 302 U.S. 211, 212 (1937). Timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978); Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). The appellant may move the district court for an extension of time in which to appeal upon a showing of excusable neglect, provided that such motion is made within forty (40) days from the entry of judgment. Rule 4(b), Fed.R.App.P.; United States v. Robinson, 361 U.S. 220, 224 (1960). In the present case, however, such an extension of time was neither sought nor granted.
 
 
 4
 The defendant claims in his response, that he was denied a fair trial due to ineffective assistance of counsel and that his counsel and the district court failed to properly advise him of his appeal rights. These assertions do not entitle the defendant to additional time in which to appeal. Therefore,
 
 
 5
 It is ORDERED that the show cause order entered July 17, 1990, is discharged and this appeal dismissed for lack of jurisdiction. This dismissal is without prejudice to any post-conviction remedies the defendant may be entitled to pursue in the district court. Rule 9(b)(1), Local Rules of the Sixth Circuit.