ORDER
PATRICIA SEKAQUAPTEWA, Justice Pro Tempore.
FACTUAL & PROCEDURAL BACKGROUND
On May 21, 2004, petitioner Vonda Na-moki, through her counsel, D. Jeffery Por-turiea filed a Petition for Extraordinary Writ pursuant to H.T.O. 21, § 1.2.6, and H.I.R.C.C.P. Rule 35(a)(2) & (4).[1] Specifically, petitioner asserts that: (1) she has no other plain, speedy and adequate remedy; and (2) the trial court abused its discretion by denying her motion to suppress evidence where the evidence (certain amounts of marijuana and cocaine)[2] was obtained with a federal and not a tribal warrant.
DISCUSSION
I. PETITIONER’S STATED GROUNDS FOR RELIEF AND REQUESTED RELIEF
Petitioner requests that this Court issue an order of remand directing the trial court to issue an order suppressing the evidence covered by the federal search warrant. The stated grounds for this extraordinary relief are (1) there is no other plain, speedy and adequate remedy available to petitioner to challenge the admissibility of the evidence seized via a federal, not tribal, search warrant;, (2) the trial court abused it’s discretion in denying the motion to suppress where: i. the warrant process requirements of H.T.O. 21, § 2.4 *236 have not been met; ii. there is no process for challenging a federal warrant in the Hopi Tribal Court; and iii. even so, the Hopi Tribal Court would lack the authority to void a federally issued warrant. This order does not address the latter grounds as there exists a plain, speedy and adequate, alternative remedy here—an appeal.
 Appeals of trial court orders denying motions to suppress evidence (in the criminal context) are commonly taken in one of two ways in other jurisdictions: (1) the defendant may proceed through the trial, and where convicted, and after a sentence is entered, the defendant may appeal the denial of the motion to suppress the evidence and the resulting conviction and sentence; OR (2) the defendant may short cut this process by entering a conditional guilty plea (conditioned upon the appellate court sustaining the order denying the motion to suppress), and after a sentence is entered, appeal the denial of the motion to suppress the evidence. Where conditional guilty pleas are entered, the conditions must be clearly stated on the record and restated in the notice of appeal.
II. FILING OF PETITION FOR EXTRAORDINARY WRIT IN LIEU OF NOTICE OF APPEAL OF FINAL ORDER VIOLATES ORDINANCE 21, SECTION 1.2.5, THE DOCTRINE OF FINALITY AND THE COLLATERAL ORDER DOCTRINE
Petitioner’s filing of a petition for extraordinary writ in lieu of a notice of appeal of a final order, in the criminal context, violates Ordinance 21, Section 1.2.5. and two well established common law doctrines: (1) the doctrine of finality; and (2) the collateral order doctrine. First, Ordinance 21, Section 1.2.5. authorizes the Hopi Appellate Court to hear appeals from “final, orders”. Second, courts in other jurisdictions have evolved doctrines limiting the availability of their writs process, through their common law, to protect the rights of the accused and to assure efficient court process.
A. The Doctrine of Finality
“A criminal defendant may not, with exceptions discussed ..., appeal except from a final judgment of conviction. Cobbledick v. U.S., 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). In Cobbledick v. United States, the Supreme Court stressed the special importance of the final judgment rule in criminal cases. This rule is straightforward. As the Supreme Court has said repeatedly, Final judgment in a criminal case means sentence. The sentence is the judgment. Berman v. U.S., 302 U.S. 211, 212-13, 58 S.Ct. 164, 82 L.Ed. 204 (1937).” Federal Appeals Jurisdiction and Practice, 3d, Section 2:3.
Application of the doctrine of finality in the Hopi Tribal Court protects Indian defendant’s due process rights and the right to a speedy trial under the Indian Civil Rights Act, 25 U.S.C. § 1302(6) & (8). There are clear parallels with the application of the Sixth Amendment to the U.S. Constitution in federal courts:
“The Supreme Court has often said that the doctrine finality applies with special force to criminal cases.” E.g., Will v. U.S., 389 U.S. 90, 96-98, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); The unanimous opinion in Flanagan, v. United, States emphasized the strong interest of both the parties and society as a whole in speedy resolution of criminal cases. Flanagan v. U.S., 465 U.S. 259, 265, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). This important interest counsels application of the final judgment rale with ‘utmost *237 strictness’. Richardson-Merrell, Inc. v. Roller, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). Permitting interlocutory appeals of post-indictment orders may compromise the speedy trial provisions of the Sixth Amendment” Will at 98. Assertedly, there is a strong interest in insulating the criminal process from premature judicial interference. U.S v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Applications of the collateral order doctrine in criminal cases are therefore few, narrow, and well-defined.” Federal Appeals Jurisdiction and Practice, 3d, Section 2:5.
In this particular matter, the criminal complaint at issue was filed on September 8, 2003, the petitioner/defendant was arraigned on December 22, 2003, and she pled not guilty on January 12, 2004.[3] A motion to suppress was filed on January 27, 2004, and it was denied on January 29, 2004. A motion for reconsideration and a denial of that motion also were made before this petition was filed on May 21, 2004. Between the filing of the criminal complaint in September of 2003 and the date of this order in May of 2004, roughly eight months have elapsed before a first appearance at trial. The procedural history of this matter is a good example of why a doctrine of finality is necessary to avoid lengthy trial delays which may result in unfairness to the defendant and inefficient interference in the trial court process by the higher court.
B. The Collateral Order Doctrine
There are some exceptions to the doctrine of finality known generally under the heading of “collateral order doctrine”, none of which are applicable here. The collateral order doctrine governs the ap-pealability of orders issued after indictment that are incidental to the charges against the defendant:
“An indicted defendant has the right to move under Fed.R.Crim.P. 12 for suppression of unlawfully obtained evidence. If the motion is denied the defendant can challenge the denial on appeal after trial, or can enter a conditional plea of guilty and appeal from the judgment entered on the plea.” Federal Appeals Jurisdiction and Practice, 3d, Section 2:5.
The trial court’s order denying the motion to suppress the evidence in the present petition is essentially an “order issued after indictment that is incidental to the charges against the defendant”. In this matter an “indictment” was filed (criminal charges where filed) on September 8, 2003 in the Hopi Tribal Court. This took place before the motion to suppress and the resulting order denying the motion to suppress were filed in January of 2004. The issue of the admissibility of the evidence seized under federal warrant is a separate issue from the guilt or innocence of the defendant based upon all the evidence presented at a trial. Neither Hopi nor federal law provides an exception to the final order doctrine where petitioner seeks to challenge a denial of a motion to suppress evidence.
III. CONCLUSION
Neither Hopi law nor the persuasive common law of other jurisdictions provides for interlocutory appeals of criminal trial court orders denying motions to suppress evidence. This stance is taken to protect the speedy trial right of the defendant and to promote efficiency in the overall court *238 process. Petitioner may choose to expedite consideration of the merits of her petition by entering a conditional guilty plea, awaiting a judgment of sentence, and then, appealing the denial of the motion to suppress and the resulting sentence within, the time required under the Hopi Indian Rules of Civil and Criminal Procedure for Appeals (Rule 37(c)).
IV. ORDER OF THE COURT
It is hereby ordered that the Petition for Extraordinary Writ is denied as an impermissible interlocutory appeal of a preliminary trial court order under Ordinance 21, Section 1.2.5. Petitioner is free to file a timely notice of appeal from either a final conviction AND order of sentence OR from the entry of a conditional guilty plea AND order of sentence.

. Petitioner does not invoke H.T.O. 21, § 1.2.6 in her petition, however, the power of the Hopi Appellate Court to hear petitions for extraordinary writs rests on Section 21.1.2.6 in tandem with the Court's rules at H.I.R.C.C.P. Rule 35.

. Petitioner’s Counsel, in his arguments on the petition on Thursday, May 27, 2004, at 3:00 p.m., stated that, as a condition of obtaining a stay of the trial court proceeding to pursue this petition, petitioner stipulated as to the composition and amounts of the substances in question, should the trial court's order denying the motion to suppress be sustained.

. This procedural history is taken from the Petition for Extraordinary Writ, pp. 4-6, and are not meant to constitute factual findings but may be assumed to be stipulated to as they appear in petitioner’s own pleadings.