United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-50786
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESUS HERMILLO RODRIGUEZ-RENTERIA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, Pecos
USDC No. 4:03-CR-128-2
_____

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[1]

This case comes before us now for a second time. The appellant, Jesus Hermillo Rodriguez-Renteria, was convicted, on the basis of a conditional guilty plea, of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). In this appeal, he contends that the district court erred in denying his motion to suppress roughly 1,000 pounds of marijuana, as well as his inculpatory statements to police. Because we lack appellate jurisdiction, the appeal is DISMISSED.

I

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In April 2003, Rodriguez-Renteria was arrested and charged with possession with intent to distribute marijuana.  He filed a motion to suppress the evidence -- i.e., approximately 1000 pounds of marijuana, as well as his inculpatory statements -- on the grounds that police lacked reasonable suspicion to stop his vehicle.  A magistrate judge recommended that the motion be denied, but the district court never adopted that recommendation -- that is, the court never ruled on the motion to suppress.

In June 2003, Rodriguez-Renteria entered into a plea agreement by which he reserved, under FED. R. CIV. P. 11(a)(2), the right to appeal the denial of the motion to suppress; all other appeals were waived by the plea agreement.  The district court then entered a judgment of conviction and sentenced him based on the guilty plea. Rodriguez-Renteria appealed.  Because the district court had not ruled on the motion to suppress, however, and because of the plea agreement waiver, in July 2004, we dismissed the appeal for lack of jurisdiction.  Later that month, Rodriguez-Renteria returned to the district court, requesting that it enter an order adopting the magistrate's recommendations and denying his motion to suppress. The district court did so, and Rodriguez-Renteria now appeals from that order.

Unfortunately for Rodriguez-Renteria, this court's appellate jurisdiction does not extend to the collateral order in question -- i.e., denial of the motion to suppress.  As a general principle, we may review only the final judgment of a district court, which in

2

this case means the conviction and sentence. See 28 U.S.C. § 1291; Berman v. United States, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Moreover, in a criminal case, the notice of appeal must be filed within ten days of the district court's judgment. See FED. R. APP. P. 4(b)(1)(A)(I). Although this time limit may be extended, it may not extend more than thirty days beyond the expiration of the original ten day period. FED. R. APP. P. 4(b)(4).

Although the notice of appeal in this case was filed within ten days of the district court's belated order denying Rodriguez-Renteria's motion to suppress, that order is not an appealable judgment. The appealable judgment was the conviction, which was handed down more than a year before this appeal was filed. Thus, because the notice of appeal in this case was not from a final judgment and was not timely, we once again lack appellate jurisdiction.[2]

II

For the foregoing reasons, Rodriguez-Renteria's appeal is

DISMISSED.

---

[2] Unfortunately, the procedural errors in this case have foreclosed the possibility of appellate review. Given that Rodriguez-Renteria's guilty plea was expressly conditioned on reserving the right to appeal the denial of suppression, and his counsel failed to actually obtain a final order to that effect, it appears that his relief lies in 28 U.S.C. § 2255.

3