**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis Alberto MAGANA–AYALA,
Defendant—Appellant.**

**No. 05–30002.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 23, 2005.*

Decided Dec. 5, 2005.

Charles M. Stuckey, USPO—Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Robert C. Williamson, Robert C. Williamson & Associates, Salem, OR, for Defendant–Appellant.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Luis Alberto Magana–Ayala ("Ayala") pled guilty to possession with intent to distribute methamphetamine. After the District Court sentenced him, Ayala filed a motion to extend time to file a notice of appeal. He now appeals the District Court's denial of that motion, pursuant to Fed. R.App. P. 4(b)(4), for failure to show good cause or excusable neglect. We review a district court's order regarding an extension of time to file a notice of appeal for abuse of discretion. *Marx v. Loral Corp.*, 87 F.3d 1049, 1053 (9th Cir. 1996) (citing *Pratt v. McCarthy*, 850 F.2d 590, 591 (9th Cir.1988)).

### I.

Fed. R.App. P. 4(b)(1)(A) and 4(b)(4) provide:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (I) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.... Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30

days from the expiration of the time otherwise prescribed by this Rule 4(b).

Ayala's sentence of seventy months was entered on October 14, 2004. He filed his motion to extend time to file a notice of appeal on November 23, 2004. Since November 23, 2004, is within thirty days of the standard ten-day deadline from October 14, 2004, Ayala's motion to extend time to file was timely filed with the District Court.

### II.

■ Ayala did not demonstrate good cause for his failure to file a timely notice of appeal. The advisory committee's note to the 2002 amendments to Fed. R.App. P. 4 provides:

> The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline. If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all.

Here, Ayala argues that good cause is shown because he did not receive notice of his co-defendant's final judgment until October 29, 2004. He contends that his argument on appeal would have been that an unjustified disparity existed between his sentence and that of his co-defendants. There are two reasons this argument is flawed. One, although Ayala was not at

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fault for the delay in sentencing his co-defendants, Fed. R.App. P. 4 is clear that the ten-day time limit begins when the petitioner's judgment is entered into the criminal docket. The clock starts when Ayala is sentenced, not when his co-defendants are sentenced. *See generally Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937) (final judgment in a criminal case means sentence). Two, Ayala claims that he was specifically waiting for Madrigal–Sanchez's sentence. However, at the time of Ayala's sentencing, two of his co-defendants had already received shorter sentences, and six days later, a third co-defendant received a shorter sentence. Therefore, by the ten-day deadline, Ayala already had three out of four sentences to which to compare his own. Waiting for Madrigal–Sanchez's sentence, which turned out to be 120 months, nearly twice as long as Ayala's, was unjustified. Ayala's argument that he had good cause to wait over a month after his sentence to ascertain an unjustified disparity between his sentence and his co-defendants' therefore fails.

Additionally, Ayala argues that a delay in meeting with his attorney due to scheduling conflicts constitutes good cause. Since the fault of both Ayala and his attorney caused this delay, no good cause is shown.

### III.

Ayala also did not demonstrate excusable neglect. Excusable neglect is only granted under "extraordinary circumstances where injustice would otherwise result" and therefore "both extraordinary circumstances preventing a timely filing and injustice resulting from denying the

appeal" are required to show excusable neglect. *Marx,* 87 F.3d at 1053 (internal quotations and alterations omitted). Merely failing to raise or ascertain if one has sufficient funds to pay for an appeal does not constitute an extraordinary circumstance resulting in such a grave injustice as to require granting an extension of time to file.

AFFIRMED.