## UNITED STATES of America, Plaintiff—Appellee,

v.

## Steven Bruce TONDRE, Defendant—Appellant.

### No. 04–50301.

United States Court of Appeals, Ninth Circuit.

Submitted May 23, 2005.*

Decided Dec. 19, 2005.

Becky S. Walker, Esq., Joseph O. Johns, Esq., Office of the U.S. Attorney, Dorothy C. Kim, Asst U.S. Atty., Los Angeles, CA, for Plaintiff-Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Defendant-Appellant.

Steven Bruce Tondre, Rancho Palos Verdes, CA, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

. Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Steven Bruce Tondre appeals the District Court's order, rendered at the conclusion of Tondre's June 2004 probation revocation hearing, requiring Tondre to comply with a probation condition imposed as part of Tondre's 2001 sentence for introducing mislabeled drugs into interstate commerce. Tondre contends that the District Court abused its discretion in ordering him to "legally transfer his firearm to a third party" and not to "possess or have access to the firearm in question." Because Tondre did not timely contest this probation condition as part of his original appeal of his probation conditions, dated December 18, 2001, we dismiss his present appeal for lack of jurisdiction.

On December 14, 2001, Tondre was sentenced to five years probation. As a condition of his probation, Tondre was prohibited from "possess[ing] a firearm or other dangerous weapon." Tondre timely appealed this sentence on December 18, 2001, pursuant to Fed. R.App. P. 4(b)(1)(A), which requires criminal defendants to file an appeal "within 10 days of the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Tondre did not include in his 2001 appeal a challenge to the probation requirement that he not possess a firearm.

On March 16, 2004, the United States Probation Office filed a petition for revocation of Tondre's probation because he failed to transfer his firearm. Following a probation revocation hearing, the District Court found that Tondre had failed to transfer his firearm and ordered him to legally transfer his firearm, to fill out the requisite paperwork, and not to possess or have access to the firearm.

Tondre would have been able to appeal the results of this probation revocation hearing if it had somehow modified the conditions of his probation and constituted a final judgment. But the final judgment in Tondre's case occurred in 2001, when Tondre was sentenced. *See Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment." (citations omitted)). The Supreme Court explained in *Berman:* "In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation between the parties on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" *Id.* at 212–13, 58 S.Ct. 164 (citations omitted). In Tondre's case, at the conclusion of his June 2004 probation revocation hearing, the district judge merely enforced the original condition of Tondre's probation that he not possess a firearm. The district judge did not modify Tondre's probation in any way. As such, the probation revocation hearing did not constitute a final judgment and Tondre's present appeal challenging the validity of his original probation condition not to possess a firearm is untimely.

**DISMISSED FOR LACK OF JURISDICTION.**

SKOPIL, Senior Circuit Judge, concurring in part, dissenting in part.

As a standard condition of probation, Tondre was not permitted to "possess a firearm or other dangerous weapon." To

the extent he challenges the legality or lawfulness of this original condition, I agree that review is foreclosed. *See United States v. Gross,* 307 F.3d 1043, 1044 (9th Cir.2002) (noting a defendant's challenge to the legality of a term or condition is limited to direct appeal, a § 2255 habeas motion, or a Rule 35(c) motion). There is, however, more to this case. Tondre argued and submitted evidence that he complied with the condition by transferring his firearm to a third party. The district court rejected Tondre's argument and ordered that he "legally transfer" ownership of the firearm and "provide appropriate documentation" reflecting the transfer. These requirements, whether termed a modification or enforcement of the original condition, were clearly within the district court's authority and in my view subject to appellate review pursuant to 28 U.S.C. § 1291.

On the merits, I would conclude that the district court did not abuse its discretion in ordering that Tondre comply with the new conditions. *See United States v. Miller,* 205 F.3d 1098, 1100 (9th Cir.2000) (noting district courts have broad discretion to alter conditions and terms of supervised release). I agree with the court's reasoning that the probation officer's unannounced visits to Tondre's house mandates that Tondre provide proof that he legally transferred the firearm. That reasoning is clearly supported by the probation officer's declaration that the requirements are "paramount to ensure officer safety." Accordingly, I would affirm the district court.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.