**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4085**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAL DANIELS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00103)

Submitted:  March 22, 2007          Decided:  March 30, 2007

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Kevin A. Tate, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, Charlotte, North Carolina, for Appellant. Karen S. Marston, Kevin Zolot, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermal Daniels seeks to appeal the district court's order denying his motion for release from solitary confinement. Daniels has been found guilty in his criminal proceedings but is awaiting sentencing. We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2000); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). In criminal proceedings sentencing is the final decision before which litigation has not ended. Berman v. United States, 302 U.S. 211, 212 (1937). In the criminal context, exceptions to the final judgment rule are rare. Flanagan v. United States, 465 U.S. 259, 265, 270 (1984). The order Daniels seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction.[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]Moreover, Daniels relief, if any, would be in the form of a civil action. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (finding segregation did not violate prisoner's civil rights). Extended stays on administrative segregation, however, do not ordinarily implicate a protected liberty interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (regarding six month stay).

- 2 -