UNITED STATES of America,
Plaintiff–Appellee,

v.

WESTERN TITANIUM, INC.; Daniel
Schroeder, Defendants–
Appellants.

In re: Western Titanium, Inc.

Western Titanium, Inc., Petitioner,

v.

United States District Court, Southern
District of California,
Respondent,

United States of America, Real
Party in Interest.

Nos. 09–50224, 09–71356.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 2, 2009.

Filed Sept. 15, 2009.

Stacey H. Sullivan, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Nancy Dix, DLA Piper US, LLP, San Diego, CA, Sarah Kleven McGann, Nancy Luque, Luque Geragos Marino LLP, Washington, DC, for Defendants–Appellants.

Before: FERNANDEZ and GOULD, Circuit Judges, and ENGLAND,* District Judge.

## MEMORANDUM **

Western Titanium and its President, Daniel Schroeder, have filed both an interlocutory appeal and a petition for writ of mandamus or prohibition challenging an order entered by the district court on April 14, 2009. The district court's order required Western Titanium and Schroeder to submit a more detailed privilege log in support of their request, under Federal Rule of Criminal Procedure 41(g), that the government return documents seized from Western Titanium's offices following execution of a April 14, 2008 search warrant. Because we lack jurisdiction over the interlocutory appeal and because we find no clear error on the part of the district court to justify issuance of a writ of mandamus, we dismiss the appeal and deny the mandamus petition.

Under the so-called "final judgment" rule, appellate jurisdiction is not normally vested until a criminal defendant has been convicted and sentenced. *See Berman v. United States*, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937). Here, because trial has not yet occurred, Western Titanium and Schroeder can appeal from the district court's April 15, 2009, interlocutory decision only if that decision 1) conclusively determines the disputed questions; 2) resolves an important issue completely separate from the merits of the action; and 3) is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

Appellants' interlocutory appeal fails because there has been no conclusive determination by the district court triggering appellate jurisdiction under 28 U.S.C. § 1291. Appellants had the burden of establishing that protections against disclosure applied to the seized documents such that their return was warranted under Rule 41(g). *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir.1992) (attorney-client privilege); *Conoco Inc. v. United States Dep't. of Justice*, 687 F.2d 724, 730 (3rd Cir.1982) (attorney work-product protection); *see also* Fed.R.Civ.P. 45(d)(2). After determining that the privilege log and ex parte declarations offered by Appellants still failed to meet that burden, the district court ordered that the privilege log be supplemented to include additional information needed to assess whether the claimed protections were meritorious. The district court also sought briefing on a number of other issues surrounding the conflict before it.

■ The augmentation ordered by the district court comports with the require-

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ments for a valid privilege log we articulated in *In re Grand Jury Investigation,* 974 F.2d at 1071 (citing *Dole v. Milonas,* 889 F.2d 885, 888 n. 3, 890 (9th Cir.1989)). Appellants never submitted a revised log in the wake of the district court's April 15, 2009, order; and while they claim that compliance risked compromise of the right to avoid self-incrimination under the Fifth Amendment to the United States Constitution, the district court's order expressly invited further briefing on whether its order impinged on any Fifth Amendment rights. The fact that Appellants failed to respond either with a revised privilege log, or additional briefing as to why it could not do so without running afoul of the protections afforded by the Fifth Amendment, precludes us from finding that the district court's order amounted to a conclusive determination for purposes of an interlocutory appeal. Consequently we lack jurisdiction over the appeal.

▉ Western Titanium fares no better in its alternative request for a writ of mandamus or prohibition under 28 U.S.C. § 1651(a). The extraordinary remedy represented by mandamus relief is justified only in "exceptional circumstances." *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). Those exceptional circumstances require, *inter alia,* a finding that the district court's order is "clearly erroneous as a matter of law." *Bauman v. United States Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977). As stated above, the demands placed by the district court on Western Titanium for invocation of the protections against disclosure were consistent with the requirements we approved in *In re Grand Jury Investigation, supra.* The district court also invited additional briefing on Fifth

Amendment issues, and provided that compliance with its order would not amount to any general waiver of privilege as to items seized by the government. There was no clear error.

For all the foregoing reasons, the interlocutory appeal is **DISMISSED** and the mandamus petition is **DENIED**.