RENDERED:  SEPTEMBER 11, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001429-MR

ANTONIO GORDON                                           APPELLANT

v.                  APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN LAPE, JUDGE
ACTION NO. 17-CR-00229

COMMONWEALTH OF KENTUCKY                      APPELLEE

## OPINION
## DISMISSING AND REMANDING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Antonio Gordon appeals the Kenton Circuit Court's July 25, 2019 order denying his motion to amend its April 24, 2019 judgment and sentence regarding his guilty plea.[1]  After reviewing the record, we dismiss the appeal and remand with instructions.

---

[1] Neither party filed a written motion.

## BACKGROUND

The facts of this case are uncontested. In March 2017, Gordon was indicted on five counts of first-degree trafficking in a controlled substance and one count of trafficking in a simulated controlled substance. Gordon requested to proceed with his case *pro se*, and following a *Faretta*[2] hearing, the trial court granted his request.

Following two days of trial testimony, a Kenton County jury found Gordon guilty on all charges. At that point the trial court ordered a brief recess before beginning the sentencing phase. After the recess, Gordon refused to return to the courtroom, telling a bailiff that the only way he would return was if he was physically dragged into the courtroom. The trial court allowed Gordon to remain in his cell and instructed standby counsel to represent Gordon during the sentencing phase.

During the sentencing phase, both the Commonwealth and standby counsel elicited testimony, and personally argued, that Gordon would be parole eligible after serving 20% of his sentence.[3] After deliberation, the jury

---

[2] *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

[3] Regrettably, this was a mistake—and the reason this case is before us today. Both the Commonwealth and standby counsel's assumptions that Gordon would be parole eligible after serving 20% of his sentence were incorrect. Unbeknownst to either attorney, an amendment attached to Kentucky Revised Statutes (KRS) 218A.1412 required Gordon to serve 50% of his sentence before becoming eligible for parole.

recommended a sentence of thirteen years' imprisonment. But before final sentencing, the Commonwealth reinstated its original plea offer. It informed the trial court that the plea offer was made to eliminate potential appellate issues spurring from discovery issues, which arose during trial. Under the plea agreement, Gordon would plead guilty to the same offenses, but with a recommended sentence of eight years' imprisonment on each count of trafficking heroin, running concurrently. And the agreement made no mention of parole eligibility. "Cautiously," the trial court sentenced Gordon consistent with the plea agreement.

Three months after the trial court entered its judgment, the Commonwealth received correspondence from Gordon complaining that he had learned he would become parole eligible only after serving 50% of his sentence, not 20%. After researching the issue, the Commonwealth discovered that this was indeed correct. At that point, the Commonwealth contacted the trial court, via e-mail, and requested to be put on the docket.[4] The e-mail does not have a file-stamped date of entry on it. Notably, neither the Commonwealth nor Gordon filed a formal motion.

---

[4] The e-mail read: "We can call it [on the docket] a 60.02, 11.42, or whatever but I feel like [Gordon] should [not] have to serve an additional 2 years because of my ignorance to the 2016 statutes now that we are 3 years later." Record (R.) at 169.

The trial court held a hearing on July 24, 2019, without the benefit of a formal motion. Consequently, the hearing was confusing and without particularity. Once the hearing began, the trial court announced to the parties, "I don't know what you are filling out. I don't even know what is going on." Video Record (V.R.): 7/24/19, 1:44:40-1:44:44. In response, the Commonwealth stated:

> The issue is this, I contacted your office and asked that it be put on the docket because Mr. Gordon had written me a letter. I looked into what he said and the long story short is that I feel somewhat responsible, and I think [Gordon] pled [sic] guilty to something, not knowing what he was pleading guilty to.

*Id.* at 1:44:45-1:45:00. The Commonwealth further stated, "I did not realize that I was offering him 50%, and so I put it on the record, on the docket, to try and clarify it because I feel somewhat responsible." *Id.* at 1:45:51-1:46:02. At that point, standby counsel replied, "That is correct, Your Honor." *Id.* at 1:46:03.

After further repeated statements by both the Commonwealth and standby counsel regarding their confusion and misstatements of the law to the jury, and to Gordon, the trial court responded, "So what are you asking me to do?" To which the Commonwealth replied, "I would like to enter an eight-year recommendation at 20% and let the record reflect what [Gordon] thought he was pleading to." *Id.* at 1:48:12-1:48:32. The trial court denied the motion and stated, "Percentages are not a reason to overturn a sentence." *Id.* at 1:50:15-1:50:17. Gordon appealed.

# ANALYSIS

This case turns on the procedural missteps of trial counsel. However, we cannot let the trial court off the hook here. When the trial court received the e-mail from the Commonwealth advising it of the Commonwealth's concerns, the trial court should have instructed the Commonwealth to file a formal motion or have Gordon file one. That simple instruction would have alleviated the confusion at the hearing, which has now resulted in an appeal that cannot be heard on the merits.

From our review, there are no justiciable issues which we can address. In his brief, Gordon explains that he is appealing the trial court's refusal to amend his judgment. Brief of Appellant at p. 3. But throughout the brief's analysis, Gordon argues for us to reverse the trial court based on CR[5] 60.02. Either way, Gordon does not have a procedural leg to stand on.

First, in a criminal case, "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. "[A] [f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 798, 166 L. Ed. 2d 628 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)). Gordon

---

[5] Kentucky Rules of Civil Procedure.

was sentenced on April 24, 2019. At that point, all issues relating to Gordon's guilt and sentence were adjudicated.

Because the trial court's judgment was final on April 24, 2019, the parties only had ten days to file a motion to alter, amend, or vacate before the court. Under CR 59.05, "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."

Here, three months passed before the parties notified the trial court of their mutual mistake. Given this, the parties were procedurally time-barred by CR 59.05 from bringing the motion before the trial court. But even if there was no time bar, neither party made a formal request under CR 59.05 to alter, amend, or vacate the trial court's April 24, 2019 judgment. Specifically, when the trial court asked the parties what they wanted it to do, the Commonwealth—which did not appeal the trial court's denial—responded, "I would like to enter an eight-year recommendation at 20% and let the record reflect what [Gordon] thought he was pleading to." Furthermore, the Commonwealth stated, "I did not realize that I was offering him 50%, and *so I put it on the record*, on the docket, *to try and clarify it* because I feel somewhat responsible." (Emphasis added). Gordon and his standby counsel requested nothing. But ultimately, this section of our analysis is not germane to our ultimate ruling because other than a couple of fleeting sentences

-6-

throughout his brief, Gordon makes no argument under CR 59.05—but does under CR 60.02. Thus, we now turn to his CR 60.02 argument.

Second, Gordon's CR 60.02 argument severely misses the mark. To begin, Gordon cites our standard of review for CR 60.02 cases. Further, in his analysis, Gordon argues that "[t]he judgment, as it was entered on April 24, 2019, led to an unintended outcome because of mistake, inadvertence, and excusable neglect on the part of both the Commonwealth and defense standby counsel. CR 60.02." Brief of Appellant at p. 9. In closing his argument, Gordon proffers that "Civil Rule 60.02 was designed to correct these types of errors, especially when the Commonwealth acknowledges the error and attempts to correct it." *Id*. at pp. 9-10.

Regardless of the argument's merit, we cannot substantively address the issue. Simply put, Gordon, nor his standby counsel, brought a CR 60.02 motion before the trial court. In fact, neither "civil rule" or "60.02" was uttered by either party during the July 24, 2019 hearing. The only time CR 60.02 is mentioned was when the Commonwealth e-mailed chambers, writing, "*We can call it [on the docket] a 60.02, 11.42, or whatever* but I feel like [Gordon] should [not] have to serve an additional 2 years because of my ignorance to the 2016 statutes now that we are 3 years later." (Emphasis added). Clearly, the

Commonwealth simply wanted the issue to be on the docket before the trial court and did not specifically request the hearing on CR 60.02 grounds.

Furthermore, during the hearing, neither the Commonwealth, Gordon, nor standby counsel addressed the elements of CR 60.02. Yes, they both explained their mistake and why they felt it needed to be corrected, but CR 60.02's elements were never mentioned. While Gordon briefly mentions "mistake, inadvertence, and excusable neglect" in his brief, none of these issues—in a CR 60.02 context—was addressed, or even mentioned. *See* CR 60.02(a) ("On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect[.]"). And even more telling, the trial court did not even know why the hearing was requested—and halfway through the hearing asked, "So what are you asking me to do?" This confusion on the part of the trial court would have been eliminated or non-existent had the trial court required the parties to file a motion to bring the matter before the court.

However, at the point of the trial court's question, neither party asked the trial court to relieve Gordon from its final judgment under CR 60.02. A cursory sentence in an e-mail from the Commonwealth, stating to call the motion before the trial court "a 60.02, 11.42, or whatever," is not justifiable grounds to argue the hearing was based on CR 60.02. In fact, all the sentence proves is both

-8-

parties' haste to get the issue before the trial court, no matter what grounds it took to get them there. The trial court compounded the problem by not requiring the parties to file a motion. Motions are to be made, and argued, with particularity. What matters is what something is, not what it is called. Calling a Berkshire pig a Kentucky thoroughbred will not get the pig into the Kentucky Derby.

Similarly, retroactively calling an unnamed, unspecified motion a CR 60.02 motion will not give litigants standing before this Court. Based on these reasons, we hold this appeal is not properly before us and, thus, do not reach the merits. However, the procedural quagmire presented by the lack of diligence on the part of counsel and the trial court can still be corrected. Nothing in this opinion precludes either party from bringing a properly-filed CR 60.02 motion before the trial court.

If a CR 60.02 motion is filed,[6] the trial court must weigh the 60.02 factors and determine if, in fact, a mistake was made. Both parties concede a mistake was made. The trial court must then determine if the newly-revised plea offer, which it is not bound to accept, is one that it *would have* accepted had the Commonwealth made that offer following the jury's recommendation with full

---

[6] A CR 60.02(a) motion must be filed within one year of entry of the judgment. However, motions under subsection (e) and (f) must be filed within a reasonable time. Had the trial court insisted that a motion be filed when the matter was first brought to its attention, a CR 60.02(a) motion would have been timely. Therefore, this trial court cannot summarily dismiss a CR 60.02 motion as time-barred if filed within a reasonable time of rendition of this Opinion.

knowledge and disclosure of the correct parole eligibility. If the revised plea offer is one which the trial court would have accepted, then it would be proper for the trial court to amend its judgment under CR 60.02 upon the proper filing of such motion.

## CONCLUSION

Based on the foregoing analysis, this appeal is DISMISSED and REMANDED with instructions to the trial court to exercise its inherent authority to correct the palpable error[7] discussed herein in a manner consistent with the procedure set forth above.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Steven N. Goens
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky

---

[7] It would behoove the trial court to grant the CR 60.02 motion to amend the judgment when filed, which will reflect the parties' agreement. Doing so will avoid the subsequent filing of a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion for ineffective assistance of counsel based on misadvice concerning parole eligibility. Our Supreme Court has held that counsel's misadvice regarding parole eligibility prior to a guilty plea constitutes ineffective assistance of counsel. *Commonwealth v. Pridham*, 394 S.W.3d 867 (Ky. 2012). Not only could the guilty plea be set aside, but so, too, could the sentencing phase of the trial due to misinformation given to the jury concerning parole eligibility if a judgment was entered based on the jury's verdict.