**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 4, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

ERICK GACHUHI WANJIKU,

　　Defendant - Appellant.

No. 23-6180
(D.C. No. 5:23-CR-00227-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

　　Erick Gachuhi Wanjiku was convicted by a jury on two counts of assaulting a

federal officer.  He then moved for a new trial and for release pending sentencing.

The district court denied both motions and Mr. Wanjiku has appealed pro se.[1]  We

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings, but we do not make arguments for pro se litigants or otherwise advocate on their behalf.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005).

affirm the denial of his motion for release pending sentencing, and we dismiss his appeal of the denial of a new trial because Mr. Wanjiku has not yet been sentenced.

## I. Background

Mr. Wanjiku was a lawful permanent resident until he was convicted in Oklahoma state court of domestic assault and battery, rape, and kidnapping. In May 2023, he completed his three-year prison sentence and was taken into immigration custody for removal proceedings.

While in custody, Mr. Wanjiku physically attacked two federal immigration officers, which led to a criminal indictment in the Western District of Oklahoma for two counts of assaulting a federal officer. Following a detention hearing, the district court concluded that no condition or combination of conditions would reasonably assure the safety of any other person and the community, and therefore ordered that Mr. Wanjiku be detained pending trial.

A jury convicted Mr. Wanjiku on both counts. Mr. Wanjiku then filed a motion for new trial on August 28, 2023, and a motion for release from detention pending sentencing on September 19, 2023. The district court denied both motions in a written order. Mr. Wanjiku filed a timely notice of appeal. His sentencing hearing has not yet been scheduled.

2

## II.  Discussion

### A.  Detention Order

With respect to the district court's detention decision, Mr. Wanjiku characterizes his appeal as one arising under Rule 9 of the Federal Rules of Appellate Procedure.  We accept that characterization.

We review the district court's detention decision de novo because it presents mixed questions of law and fact; however, we review the underlying findings of fact for clear error.  *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).  "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on review of the entire record, is left with the definite and firm conviction that a mistake has been committed."  *United States v. Gilgert*, 314 F.3d 506, 515 (10th Cir. 2002) (brackets and internal quotation marks omitted).  We review the district court's findings with significant deference, cognizant that "our role is not to re-weigh the evidence."  *Id.* at 515-16.

The Bail Reform Act mandates a presumption of detention once a defendant is convicted and sentencing is pending, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."  18 U.S.C. § 3143(a)(1).  Thus, Mr. Wanjiku must rebut the presumption of detention

with clear and convincing evidence that he is not a flight risk or a danger to any person or the community.[2]

We agree with the district court that Mr. Wanjiku has failed to rebut the presumption of detention. We examine four factors in determining whether any release conditions will reasonably assure the safety of others and the community: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Mr. Wanjiku argues that his detention is based primarily on an immigration detainer and that he is still challenging the state conviction on which it is based. The detention order, however, is supported by more than just the fact of an immigration detainer. In ordering pretrial detention, the district court found, among other things, that the weight of the evidence against Mr. Wanjiku was strong and included video footage showing Mr. Wanjiku kicking one officer and biting another. It also found that Mr. Wanjiku has a prior criminal history (including participating in criminal activity while on probation) and a history of violence. In denying Mr. Wanjiku's motion for release pending sentencing, the district court further noted that, if

---

[2] The government argues Mr. Wanjiku was convicted of a crime of violence and so the more stringent requirements of § 3143(a)(2) apply here. We need not address this argument in light of our conclusion that Mr. Wanjiku has failed to rebut the presumption under § 3143(a)(1).

anything, the case for post-trial detention has been strengthened given Mr. Wanjiku's conviction for physically assaulting the immigration officers.

In short, the district court made the necessary factual findings to support its denial of Mr. Wanjiku's motion for release pending sentencing.

### B.  Motion for New Trial

The government contends that Mr. Wanjiku's appeal of the district court's denial of his motion for new trial is premature.  We agree.  Our jurisdiction is limited to final decisions, *see* 28 U.S.C. § 1291, and a criminal judgment is not final until a defendant has been sentenced, *see Berman v. United States*, 302 U.S. 211, 212 (1937).  Because Mr. Wanjiku has not been sentenced, we lack jurisdiction to review that portion of the district court's order denying his motion for a new trial.  Accordingly, we dismiss that portion of his appeal.

### III.  Conclusion

We affirm the district court's denial of Mr. Wanjiku's motion for release pending sentencing.  We dismiss for lack of jurisdiction his appeal of the denial of his motion for a new trial.

Entered for the Court
Per Curiam