**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles GATES, Defendant–Appellant.**

**No. 91–8422.**

United States Court of Appeals,
Eleventh Circuit.

June 18, 1991.

Howard J. Weintraub, Atlanta, Ga., for defendant-appellant.

F. Gentry Shellnut, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHNSON, CLARK and COX, Circuit Judges.

## MEMORANDUM ORDER

PER CURIAM:

Defendant-appellant Charles Gates appeals from the district court's denial of his motion for an order releasing him from pretrial detention and granting him bail pursuant to the provisions of the Speedy Trial Act. *See* 18 U.S.C. §§ 3161–3174. Section 3164 directs that "[t]he trial of any person [who is being held in detention solely because he is awaiting trial] shall commence not later than ninety days following the beginning of such continuous detention." *Id.* § 3164(b). The Act further provides that "[n]o detainee ... shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." *Id.* § 3164(c). Thus, if Gates has been detained for more than 90 nonexcludable days, as defined by 18 U.S.C. § 3161(h), the clear language of the statute requires that an order of release must issue from this court. *See United States v. Tirasso*, 532 F.2d 1298, 1299–1300 (9th Cir.1976).

The government's only response is that Gates' motion is premature because a defendant may not bring an interlocutory appeal from a denial of a speedy trial claim. *See, e.g., United States v. Grabinski*, 674 F.2d 677, 680 (8th Cir.1982). The government, however, misapprehends the fact that Gates is not seeking the usual remedy for a Speedy Trial Act violation which is dismissal of the indictment, *see* 18 U.S.C. § 3162(a)(2), but rather seeks a release from pretrial detention. In the latter instance, an interlocutory appeal or a motion to this court is the only means by which a defendant can seek review of an erroneous determination by the district court that such release is not warranted. Quite obviously, Congress' intent in enacting section 3164(c) would be frustrated if appeals on this issue could be taken only after the jury had rendered a verdict.

Gates makes a prima facie case of there being ninety-five nonexcludable dates between January 9, 1990, the day of his arrest and May 29, 1990, the day before his attorney moved for a continuance. Not shown by the docket entries is the fact that Gates' attorney, Theodore Worozbyt, sustained a serious head injury on March 12, 1990. The papers filed by appellant represent that "the district court began the excludable period of time from May 15, rather than from May 30, 1990, because Worozbyt apparently had advised the court and the government prior to the actual filing of the May 30, 1990 motion that a motion for a continuance would be forthcoming." Section 3164(c) specifically states that a detainee must be released if his trial is not commenced within ninety days, unless such delay was the fault of the accused or his counsel. Although Gates' counsel clearly was not blameworthy for his own injury, his injury tolled the running of the ninety-day period by affirmative representations, made prior to May 30, that he intended to file a motion for a continuance.

We hold that when counsel for a defendant is seriously injured, the Speedy Trial Act is suspended for a reasonable time in which counsel with the help of medical advice can evaluate his fitness to continue with the representation of his client. We find nothing unreasonable about the district court's assessment of what was a reasonable time under these circumstances and its denial of appellant's motion for release with respect to the time period involved.

All further contentions of appellant are meritless.

The motion for release is DENIED and the district court is AFFIRMED.