# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2010

No. 10-20466
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERT ALLEN STANFORD, also known as Sir Allen Stanford, also known as Allen Stanford

Defendant - Appellant

and

MICHAEL MARTIN ESSMYER, Sr., Esq.,

Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-00342-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20466

In this, his third appeal to this court protesting the district court's decision requiring pretrial detention, defendant Robert Allen Stanford ("Stanford") argues that continued pretrial detention violates his rights to due process under the Fifth Amendment and to effective assistance of counsel under the Sixth Amendment. We disagree and therefore affirm the district court's denial of Stanford's motion for pretrial release.

The background facts and procedural history of Stanford's case are thoroughly explained in our prior decisions; we have no need to repeat those facts here. *See United States v. Stanford* (*Stanford II*), 367 F. App'x 507 (5th Cir. Feb. 17, 2010); *United States v. Stanford* (*Stanford I*), 341 F. App'x 979 (5th Cir. Aug. 24, 2009). On May 19, 2010, Stanford moved the district court to be released from custody, arguing that his continued detention violated various constitutional protections. The district court denied that motion in an memorandum order entered July 7, 2010. As to Stanford's Fifth Amendment argument, the district court applied the factors articulated in *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989), and concluded that Stanford's continued detention served regulatory purposes and thus comported with the Fifth Amendment's prohibition on punitive pretrial detention. The district court further concluded that Stanford's continued detention does not so interfere with his ability to participate in trial preparation that it results in a deprivation of his Sixth Amendment rights.[1]

"We review questions of constitutional law *de novo*." *United States v. Guidry*, 456 F.3d 493, 506 (5th Cir. 2006) (citing *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000)); *see also De Zavala v. Ashcroft*, 385 F.3d 879,

---

[1] The district court also rejected Stanford's argument that continued detention violates the Eight Amendment's prohibition on excessive bail, reasoning that the Eighth Amendment does not require bail in all cases -- and that this was, as it had previous found, a case warranting the denial of pretrial release. Stanford does not challenge this aspect of the district court's order.

No. 10-20466

883 (5th Cir. 2004) ("We review due process challenges *de novo*."). In reviewing the district court's resolution of the legal questions *de novo*, we defer to the district court's findings of historical fact unless they are clearly erroneous. *See Allstate Ins. Co. v. Abbott*, 495 F.3d 151, 160 (5th Cir. 2007) ("To the extent relevant to the constitutional question, subsidiary facts are reviewed for clear error."); *see also United Stats v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993) ("[W]e review the district court's findings of historical fact in this case for clear error, but review its ultimate resolution of the constitutional due process [pretrial detention] issue *de novo*.").

The Due Process Clause of the Fifth Amendment forbids pretrial detention that is punitive, rather than regulatory, in nature. *See United States v. Salerno*, 481 U.S. 739, 747-48 (1987). The Supreme Court has generally upheld the constitutionality of the Bail Reform Act, under which the district court here has ordered Stanford's pretrial detention, as serving regulatory and not punitive ends. *See id.* In doing so, however, the Court intimated that pretrial detentions may "become excessively prolonged . . . in relation to Congress's regulatory goal" as to be punitive in nature. *See id.* at 747 n.4. To determine whether pretrial detention becomes excessively prolonged and violates due process "requires assessment on a case-by-case basis, for the clause establishes no specific limit on the length of pretrial confinement." *Hare*, 873 F.2d at 801. We explained in *Hare:*

> In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

3

*Id.*

Stanford has presented no new evidence that called for the district court to reevaluate its conclusions on the factors relevant in the initial detention decision. Those factors, as we have previously concluded, quite compellingly call for Stanford's pretrial detention.

> Stanford has the means, the motive, and the money to flee. He faces a potential sentence of 375 years in prison, has access to an international network of contacts, has previously concealed his travels, has demonstrated an ability to access funds from acquaintances even if his own assets are frozen, has established his primary residence in Antigua and Barbuda for the past fifteen years, and has little family ties in Houston, Texas, having only recently established some of those connections for purposes of his impending trial.

*Stanford I*, 341 F. App'x at 983-84. Stanford has also not demonstrated a change in circumstances warranting reconsideration of those findings in the past, instead refashioning previously known information as new facts. *See Stanford II*, 367 F. App'x at 510-11. We agree with the district court that the factors that so firmly supported the initial denial of pretrial bail also firmly support Stanford's continued detention.

The district court undertook a thorough and accurate analysis of the additional factors we articulated in *Hare*. To date, Stanford's detention has lasted just over twelve months and his trial will begin in January 2011. Even assuming that his trial will last six months, as Stanford speculates, he has pointed to *no* court decision declaring that the length of such a detention violates the Fifth Amendment; indeed, courts have routinely upheld longer pre-detentions in the face of constitutional attacks. *See, e.g., United States v. El-Hage*, 213 F.3d 74, 77-79 (2d Cir. 2000) (considering a thirty- to thirty-three-month pretrial detention); *United States v. Milan*, 4 F.3d 1038, 1044 (2d Cir.

No. 10-20466

1993) (considering a thirty-month pretrial detention). Moreover, the length of Stanford's pretrial detention is not speculative, nor is it indefinite. The district court is committed to beginning his trial in January 2011 and, in any event, Stanford's detention is necessarily limited by the mandates of the Speedy Trial Act. *See Salerno*, 481 U.S. at 747 (explaining that the "maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act"). As to the third additional factor, Stanford concedes that "there is no question that this case is one of extraordinary complexity, involving both an enormous volume of discovery documents and a staggering number of transactions." Finally, our review of the record in this case supports the district court's determination that much of the delay in Stanford's trial is attributable to his own tactical and strategic choices, including countless changes to his choice of trial counsel. It does not appear that any delay in beginning the trial of this matter (and we do not mean to imply that a trial beginning eighteen months from indictment in a case as complex as this must be the product of "delay") is attributable to the Government.

Accordingly, each of the *Hare* factors leads to the conclusion that Stanford's continued pretrial detention serves only regulatory goals and has not crossed the due process boundary of impermissible punishment.

Stanford argues the district court "mistook the nature of [his] Sixth Amendment argument" by "treating it as a free-standing due process argument rather than as a factor that should be weighed" as part of *Hare*'s Fifth Amendment analysis. Our review of the record reveals that Stanford in fact presented a free-standing Sixth Amendment claim to the district court[2]; because

---

[2] *See* Defendant's Opposed Motion for Release from Detention (District Court Docket No. 225, filed May 19, 2010), at 2 ("Mr. Stanford's continued detention will also . . . deprive him of his Sixth Amendment right to effective assistance of counsel."); *id.* at 8 ("A critical element of [the pretrial detention] punishment -- and also an *independent reason* why Mr. Stanford must be released from detention -- lies in the ongoing deprivation of his fundamental

5

Stanford does not object to the district court's treatment of his independent Sixth Amendment claim, we now deem it waived. *See Miller v. Texas Tech Univ. Health Science Ctr.*, 421 F.3d 342, 348-49 & n.17 (5th Cir. 2005) (en banc).

To the extent that *Hare* may allow consideration of how pretrial detention affects the defendant's ability to participate in his own defense, Stanford has not shown that this factor would call for his release, particularly in light of the other factors supporting his continued detention. And, as the district court found, both in addressing this motion and in connection with Stanford's various other challenges to his pretrial detention,[3] the reasonable restrictions imposed by the circumstances of his custody do not "impede his ability to prepare for trial or personally assist his counsel in such preparation." There was more than adequate evidence to support the district court's findings. Moreover, Stanford has not shown an absence of evidence supporting the district court's findings of historical fact, nor has he pointed to evidence calling for the contrary conclusion. *See Guerra v. Johnson*, 90 F.3d 1075, 1078 (5th Cir. 1996) ("[A] factual finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1983)). We therefore find Stanford's argument that his pretrial detention is impermissibly punitive because of the reasonable limitations placed on his ability to participate in his defense to be unpersuasive.

For the foregoing reasons, we affirm the district court's July 7, 2010 order denying Stanford's motion for release from pretrial detention.

---

Sixth Amendment right to assist in the preparation of his defenses and to have the effective assistance of counsel in his defense." (emphasis added)).

[3] *See Stanford II*, 367 F. App'x at 511 n.4 ("The district court considered, on several occasions, Stanford's argument that custody made it difficult for him to prepare an effective defense.").

No. 10-20466

AFFIRMED.