**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Robert Allen STANFORD, also known
as Sir Allen Stanford, also known as
Allen Stanford, Defendant–Appellant.**

No. 10–20776.

United States Court of Appeals,
Fifth Circuit.

March 14, 2011.

See also, 341 Fed.Appx. 979, 367 Fed.
Appx. 507, 394 Fed.Appx. 72, and 406 Fed.
Appx. 932.

\* District Judge, Northern District of Mississippi, sitting by designation.

\*\* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Gregg Jeffrey Costa, Assistant U.S. Attorney, James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Ali R. Fazel, Robert A. Scardino, Jr., Scardino & Fazel, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge,
BENAVIDES, Circuit Judge, and
AYCOCK, District Judge.\*

PER CURIAM: \*\*

This is defendant Robert Allen Stanford's fourth interlocutory appeal challenging his pretrial detention. *See United States v. Stanford (Stanford III)*, 394 Fed. Appx. 72 (5th Cir.2010); *United States v. Stanford (Stanford II)*, 367 Fed.Appx. 507 (5th Cir.2010); *United States v. Stanford (Stanford I)*, 341 Fed.Appx. 979 (5th Cir. 2009). We now are asked to determine whether Stanford is entitled to pretrial release under the Speedy Trial Act, 18 U.S.C. § 3164. We do not reach the issue because we lack appellate jurisdiction.

## I. BACKGROUND

A federal grand jury returned a twenty-one count indictment against Stanford and four co-defendants on June 18, 2009. In essence, the indictment charges that Stanford and his co-defendants operated a multibillion dollar Ponzi scheme. On June 25, 2009, a magistrate judge conducted a detention hearing and concluded that Stanford could be released on bond pending trial.

The Government appealed the magistrate judge's release order to the district court. On June 30, 2009, after a hearing, the district court reversed the magistrate judge's order and remanded Stanford to federal custody pending trial. The district court based its decision on nineteen findings of fact, including findings that Stanford posed a "serious flight risk" and that "there is no condition or combination of conditions of pretrial release that will reasonably assure his appearance at trial."

Stanford and his co-defendants moved for a trial continuance on July 14, 2009. The motion asserts, inter alia, that "[t]here are hundreds of thousands of documents in this case"; "[t]his case involves issues and circumstances that are unusual"; counsel "may be required to travel [to other states and countries] to adequately investigate and prepare" for trial; and counsel "expects it will take six months to try the case." The motion further asserts that "[t]his case is complex, and counsel request the Court to declare it as such." The motion recognizes that "any delay of this trial under this request is excludable time under the Speedy Trial Act."

The district court granted the continuance on July 16, 2009. The district court stated that "[t]he period of delay due to this Motion for Continuance is the period from the date of the Motion through the date of a new trial setting, and this is excludable time under the Speedy Trial Act." The district court made detailed and specific findings justifying the continuance pursuant to 18 U.S.C. § 3161(h)(7).

On October 13, 2009, Stanford submitted to the district court a "notice regarding status of case." The notice states:

[d]ue to the voluminous amount of discovery and [millions of] documents, the vast amount of witnesses that need to be located and interviewed, and the complexity of the case, counsel requests that the Court not set a trial date, at this time, but rather set a future status conference, or series of status conferences, so that counsel will have adequate time to prepare for trial.

In support of the request, the notice asserts that Stanford's counsel had only just "begun to take the procedural steps necessary to obtain voluminous records from several states and various countries from around the world," and "dozens, if not hundreds of potential witnesses from various states and countries" still needed to be interviewed. The notice asserts that "it could possibly take up to a year or more, to accomplish this task [of interviewing potential witnesses]." The notice concludes:

[a]t this point, it is nearly impossible to predict how long it will take to complete the necessary ˒ analysis, investigation, and preparation for trial; however within the next sixty to ninety days, counsel should be better able to apprise the Court as to how long the case will take to try and how long it will take to prepare to effectively defend the case.

A status conference was held on December 17, 2009. The next day, the district court issued a scheduling order setting trial for January 24, 2011. According to the district court, Stanford had requested even more time to prepare for trial.

Stanford filed a barrage of motions and three interlocutory appeals between July 6, 2009 and October 2010. Of particular importance here, Stanford filed a "motion for review of conditions of release or, in the alternative, to dismiss for lack of speedy trial" on October 4, 2010. As amended (twice), the motion asserts that Stanford is entitled to pretrial release because he was not brought to trial within 90 nonexcludable days of his detention as required by the Speedy Trial Act, 18 U.S.C.

§ 3164. The district court denied the motion, reasoning that all time after the July 2009 continuance was excludable delay under 18 U.S.C. § 3161(h)(7). This appeal followed.

## II. APPELLATE JURISDICTION

In most cases, this Court has jurisdiction to review only "final decisions." 28 U.S.C. § 1291. The final decision in a criminal case typically is the order sentencing the defendant. *See, e.g., Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *United States v. Bailey,* 512 F.2d 833, 836 (5th Cir.1975) (same). The final judgement rule "has particular force in criminal prosecutions because encouragement of delay is fatal to the vindication of the criminal law." *United States v. MacDonald,* 435 U.S. 850, 853–54, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (quotation marks omitted).

It is well established, and undisputed on appeal, that a ruling on a motion to dismiss an indictment under the Speedy Trial Act is not reviewable before final judgment.[1]

*United States v. Crawford Enters., Inc.,* 754 F.2d 1272, 1273 (5th Cir.1985); *cf. United States v. MacDonald,* 435 U.S. 850, 860, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (holding denial of motion to dismiss indictment under Speedy Trial Clause of Sixth Amendment not immediately reviewable). Similarly, this Court has squarely held that a ruling on a motion for pretrial release under 18 U.S.C. § 3164 is not reviewable before final judgment.[2] *United States v. Landes,* 38 F.3d 570, at *1 (5th Cir. Oct.14, 1994) (unpublished). Our decisions in *Crawford* and *Landes* compel the same conclusion here.[3]

Stanford argues that a ruling on a § 3164 motion is an immediately reviewable "collateral order." *See United States v. Gates,* 935 F.2d 187 (11th Cir.1991); *cf. Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Under the collateral order doctrine, an appellate court has jurisdiction under 28 U.S.C. § 1291 to review certain orders "that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as 'final.'" *Digital Equip.*

1. Under the Speedy Trial Act, a criminal trial must begin within seventy nonexcludable days "from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within 70 nonexcludable days from his initial appearance, "the information or indictment shall be dismissed on motion of the defendant." *Id.* § 3162(a)(2).

2. The trial of a person being detained solely because he is awaiting trial must begin within "ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government." *Id.* § 3164(b). Failure to begin trial within 90 nonexcludable days from the date of detention, "through no fault of the accused or his counsel, ... shall result in the automatic re-

view by the court of the conditions of release." *Id.* § 3164(c). "No detainee ... shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial." *Id.*

3. Although this Court's decision in *Landes* was not published, "[u]npublished opinions issued before January 1, 1996, are precedent" in this Circuit. 5th Cir. R. 47.5.3; *see also Weaver v. Ingalls Shipbuilding, Inc.,* 282 F.3d 357, 359 (5th Cir.2002) ("The fact that *Watkins* is unpublished does not alter its precedential status, because it was decided before January 1, 1996."); *Hodges v. Delta Air., Inc.,* 4 F.3d 350, 352 (5th Cir.1993) (noting panel was "[b]ound by a previous unpublished opinion of this court"); *United States v. Don B. Hart Equity Pure Trust,* 818 F.2d 1246, 1250 (5th Cir.1987) ("Although *Parr* is unpublished, it is binding precedent.").

*Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (citations and quotation marks omitted). Because we are bound by our decision in *Landes,* we must reject Stanford's jurisdictional argument.

### III.   CONCLUSION

For the reasons stated, we DISMISS this appeal for lack of jurisdiction.