**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2341
_____

UNITED STATES OF AMERICA

v.

ILMA ALEXANDRA SORIANO NUNEZ,
                                        Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-18-cr-00040-001)
District Judge: Honorable Joseph F. Leeson, Jr.
_____

Argued May 21, 2019
_____


Before: McKEE, SHWARTZ, and FUENTES, <u>Circuit
Judges</u>.

(Filed: July 2, 2019)

Melanie B. Wilmoth
Robert A. Zauzmer [ARGUED]
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

*Counsel for Appellee*

Jose C. Campos  [ARGUED]
Hugh Campos
1845 Walnut Street
Philadelphia, PA 19103

*Counsel for Appellant*

_____

OPINION

_____

SHWARTZ, Circuit Judge.

Ilma Alexandra Soriano Nunez was charged with various crimes and appeared for a bail hearing. Conditions of release were set under the Bail Reform Act ("BRA"). Thereafter, Immigration and Customs Enforcement ("ICE") lodged and executed a detainer, and she was detained for removal proceedings. Because her detention for removal proceedings under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a)(1), does not conflict with the order granting release in connection with her criminal case under the BRA, 18 U.S.C. § 3142, the District Court declined to dismiss the indictment and rejected Soriano Nunez's request

that it rely on the BRA to order her release from ICE custody. We lack jurisdiction over the ruling denying the request to dismiss the indictment and will dismiss that aspect of the appeal. We do, however, agree with the Court's bail ruling and will affirm that part of its order.

I

A grand jury indicted Soriano Nunez for passport fraud, 18 U.S.C. § 1542; making a false representation of United States citizenship, 18 U.S.C. § 911; using a false social security number, 42 U.S.C. § 408(a)(7)(B); and producing a state driver's license not issued for her use, 18 U.S.C. § 1028(a)(1), (b)(1)(A), and (2). Soriano Nunez surrendered and was brought before a Magistrate Judge. She was then temporarily detained under 18 U.S.C. § 3142(d), a provision of the BRA that allows for, among other things, the ten-day pretrial detention of non-citizens who may pose a flight risk or danger so ICE may take them into custody.[1] ICE lodged a detainer. Twelve days later, a different Magistrate Judge arraigned Soriano Nunez, denied the Government's motion for pretrial detention under 18 U.S.C. § 3142(e), and set conditions for her release. The District Court denied the Government's motion to revoke the order. Thereafter, ICE executed its detainer, taking Soriano Nunez into custody for her to appear for removal proceedings.[2]

---

[1] As discussed herein, the ten-day detention period may also be invoked to allow state and local authorities to take persons on release into custody. 18 U.S.C. § 3142(d).

[2] Soriano Nunez is allegedly removable because she is an alien not admitted to the United States and she falsely represented that she was a citizen in violation of 8 U.S.C.

3

While in ICE custody, Soriano Nunez moved to dismiss her indictment or obtain release from detention, arguing that § 3142(d) gives the United States "the choice of [either] taking the Defendant into [ICE] custody during the ten-day period and proceeding with removal or continuing with the criminal prosecution in which case the BRA controls." App. 47. The District Court denied Soriano Nunez's motion to dismiss or for release, holding that the INA, 8 U.S.C. § 1226(a)(1), allowed ICE to detain Soriano Nunez during the pendency of removal proceedings notwithstanding the parallel criminal action, and her detention therefore did not conflict with the BRA. Soriano Nunez appeals.

II[3]

As a threshold matter, we must address the scope of our jurisdiction over Soriano Nunez's appeal. To the extent Soriano Nunez seeks review of the order denying her motion to dismiss the indictment, we lack jurisdiction. Generally, our jurisdiction is limited to final judgments. An order denying dismissal of an indictment is not a "final judgment of the district court." 28 U.S.C. § 1291. "Final judgment in a criminal case means sentence. The sentence is the judgment." United States v. Rodriguez, 855 F.3d 526, 530 (3d Cir. 2017) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Moreover, none of the grounds for interlocutory appeal in a criminal case apply here. See, e.g., Heltoski v. Meanor, 442 U.S. 500, 508 (1979) (recognizing Speech or Debate Clause

_____

§ 1182(a)(6)(A)(i) and (C)(ii). Removal proceedings are ongoing.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231.

4

immunity as a legitimate ground to appeal denial of a motion to dismiss an indictment); Abney v. United States, 431 U.S. 651, 662 (1977) (hearing appeal of motion to dismiss indictment on double jeopardy grounds); United States v. Mitchell, 652 F.3d 387, 392-93 (3d Cir. 2011) (setting forth the required elements of an appealable collateral order). Thus, we must dismiss her appeal to the extent it seeks review of the District Court's refusal to dismiss her indictment.

We do, however, have jurisdiction to review the ruling denying Soriano Nunez's claim that her BRA release order forecloses her ICE detention. She argues that the BRA, 18 U.S.C. § 3142, provides the sole means to release or detain a criminal defendant and that the District Court erred in refusing to extend its release order to bar her ICE detention. The BRA gives us jurisdiction to hear "[a]n appeal from a release or detention order, or from a decision denying revocation or amendment of such an order." 18 U.S.C. § 3145(c). Here, Soriano Nunez essentially challenges the Court's decision to deny her request to enforce its BRA order. Put differently, she asks us to review the Court's rejection of her assertion that the BRA order requires her release from ICE custody. To the extent Soriano Nunez challenges the enforcement of a BRA order, we have jurisdiction over this appeal. Our review over whether the BRA requires Soriano Nunez's release is plenary. United States v. Perry, 788 F.2d 100, 104 (3d Cir. 1986).

5

# III

## A

To decide this appeal, we must examine both the BRA and the INA's detention provisions. Congress passed the BRA to address whether and under what circumstances a district court may release a defendant pending trial. See United States v. Salerno, 481 U.S. 739, 742-43 (1987). It was enacted to ensure "all persons, regardless of their financial status, shall not needlessly be detained . . . pending appeal, when detention serves neither the ends of justice nor the public interest." United States v. Provenzano, 605 F.2d 85, 87 n.13 (3d Cir. 1979) (quoting Bail Reform Act of 1966, Pub. L. No. 89-465 § 2, 80 Stat. 214, 214 (1966)). The BRA thus requires the pretrial release of defendants unless "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The BRA allows a court to temporarily detain persons not lawfully admitted to the United States, as well as individuals who are on pretrial or post-conviction release on other federal, state, or local charges, so that immigration and other officials can take custody of such individuals before BRA conditions of release are set. 18 U.S.C. § 3142(d). To this end, the BRA directs judicial officers to:

> order the detention of such person, for a period of not more than ten days . . . and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the

6

appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings.

Id. Other than during this temporary detention period, individuals on release arising from other offenses and non-citizens are treated the same as other pretrial criminal defendants under the BRA.[4] See, e.g., United States v. Santos Flores, 794 F.3d 1088, 1091 (9th Cir. 2015) (stating that the possibility of removal by immigration authorities cannot provide the sole basis for denial of BRA release). The failure of a government agency to take custody of such person within the temporary detention period means that the court proceeds to apply the BRA to determine whether there is any condition or combination of conditions that will ensure the defendant's presence at trial and the safety of the community. United States v. Vasquez-Benitez, 919 F.3d 546, 553 (D.C. Cir. 2019).[5]

---

[4] Thus, the presence of an ICE detainer and the threat of potential removal alone are not sufficient to deny BRA pretrial release. See United States v. Ailon-Ailon, 875 F.3d 1334, 1338-39 (10th Cir. 2017).

[5] An agency's inaction does not bar it from later taking custody of the individual pursuant to its lawful authority.

B

The INA, which governs immigration, gives the Attorney General the power to issue warrants for the arrest and seek the detention or release of an alien "pending a decision on whether [he or she] is to be removed from the United States."[6] 8 U.S.C. § 1226(a).  Thus, while the BRA aims to ensure a defendant's presence at trial, the INA uses detention to ensure an alien's presence at removal proceedings.  Vasquez-Benitez, 919 F.3d at 552-54.  Where an alien is in the custody of another governmental entity, ICE officers may issue a detainer.  See 8 U.S.C. §§ 1103(a)(3), 1357; 8 C.F.R. § 287.7(a).  Via the detainer, ICE informs the agency that it "seeks custody" of such an alien "for the purpose of arresting and removing" the alien.  8 C.F.R. § 287.7(a).  The INA permits an alien's detention, see, e.g., 8 U.S.C. § 1226(a), but not for the sole purpose of ensuring her presence for criminal prosecution.[7]

---

[6] In some instances, ICE detention is mandatory.  For example, aliens who have committed certain criminal offenses must be detained pending removal.  See 8 U.S.C. § 1226(c)(1).

[7] An alien may seek district court review of a detention order in limited circumstances pursuant to 28 U.S.C. § 2241. See, e.g., Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 470-71 (3d Cir. 2015) (ordering the grant of a § 2241 habeas petition challenging ICE detention under 8 U.S.C. § 1226(c) pending removal proceedings); Sylvain v. Att'y Gen., 714 F.3d 150, 153, 155 (3d Cir. 2013) (reviewing grant of a § 2241 habeas petition seeking release from ICE detention under 8 U.S.C. § 1226(c)).

C

Soriano Nunez asserts that the BRA and the INA conflict insofar as the INA allows for the detention of a criminal defendant who has been granted release under the BRA. No court of appeals that has examined this assertion has concluded that pretrial release precludes pre-removal detention. See Vasquez-Benitez, 919 F.3d at 553 ("Congress has never indicated that the BRA is intended to displace the INA."); United States v. Veloz-Alonso, 910 F.3d 266, 269 (6th Cir. 2018) ("[N]othing in the BRA prevents other government agencies or state or local law enforcement from acting pursuant to their lawful duties."); see also United States v. Ventura, 747 F. App'x 20, 22 (2d Cir. 2018) ("Neither side asserts that the BRA categorically prevents the Department of Homeland Security . . . from exercising its independent statutory authority to detain an arriving noncitizen pending removal."). We agree.

Instead, "[d]etention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities." Vasquez-Benitez, 919 F.3d at 552. Congress established laws governing the release or detention of criminal defendants, and the Executive has the authority to invoke those laws to ensure a defendant's presence at criminal proceedings and the community's safety. 18 U.S.C. § 3142(e)(1). Congress also gave the Executive authority to detain and remove suspected aliens in furtherance of its enforcement of the immigration laws. See 8 U.S.C. § 1231(a); Demore v. Kim, 538 U.S. 510, 523 (2003).

9

These laws serve different purposes and can coexist for four reasons. First, the text of 18 U.S.C. § 3142(d) does not compel a different conclusion. The text has a notice provision designed to give other agencies an opportunity to take custody of a defendant before a BRA release order is issued. 18 U.S.C. § 3142(d). By providing these other agencies an opportunity to take custody of such persons, the BRA effectively gives respect to pending cases and allows those officials to act before bail is set in the federal case. See United States v. Villatoro-Ventura, 330 F. Supp. 3d 1118, 1140-41 (N.D. Iowa 2018). The BRA's temporary detention scheme thus reflects Congress' recognition that immigration authorities and state sovereigns have separate interests. Had Congress wanted to limit a federal court's authority to consider state and local interests, Congress would not have included § 3142(d). Villatoro-Ventura, 330 F. Supp. 3d at 1139.

In addition, if immigration or other authorities choose to detain the defendant during the ten-day period, then such detention eliminates the court's "need to determine whether to release the defendant in the criminal case pursuant to the other provisions under the BRA. [Section 3142(d)] does not go on to say that the criminal case must end if ICE pursues deportation[,]" United States v. Pacheco-Poo, No. 18-CR-109-CJW-MAR, 2018 WL 6310270, at *6 (N.D. Iowa Dec. 3, 2018), or other authorities continue their prosecutions. In the immigration context, as the District Court aptly stated,

> the text of § 3142(d) does not suggest that it overrides the detention provisions of the INA. Rather, it instructs the district court that, after the temporary detention period, it should proceed to a determination of pretrial release under the

10

BRA. Nothing in the text of the BRA prevents ICE from enforcing a detainer or taking a defendant into custody for removal proceedings after an order of release under the BRA.

App. 15-16.

Second, nothing in the BRA gives a district court the authority to compel another sovereign or judge in federal administrative proceedings to release or detain a defendant. The BRA applies to federal criminal proceedings, and detention and release decisions in those cases are subject to the BRA. Detention and release decisions by immigration and other government officials are subject to different statutory frameworks.

Third, detention for removal purposes does not infringe on an Article III court's role in criminal proceedings. In a criminal case, the court is tasked with deciding whether there are conditions of release that will ensure the defendant's appearance and the safety of the community. Vasquez-Benitez, 919 F.3d at 550-51. It carries out this duty without regard to whether a separate entity with different duties may reach a different conclusion. In an immigration case, those authorities are focused on enforcing the immigration laws and nothing in the BRA prevents them from acting pursuant to their lawful duties, which include detaining aliens for removal purposes. Veloz-Alonso, 910 F.3d at 269 (citing 8 U.S.C. § 1231(a)(2)).

Fourth and relatedly, nothing in either the INA or the BRA gives a court the authority to require the Executive to choose which laws to enforce. Pacheco-Poo, 2018 WL

11

6310270, at \*5. Like our sister courts of appeals, we too must follow the principle that "courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Vasquez-Benitez, 919 F.3d at 553 (quoting Morton v. Mancari, 417 U.S. 535, 551 (1974)); see also Veloz-Alonso, 910 F.3d at 268-69.

Because (1) the BRA explicitly applies only to federal criminal proceedings, not state or immigration proceedings, (2) there is no textual conflict between the BRA and the INA, (3) these statutes serve different purposes, and (4) criminal and removal processes can proceed simultaneously, Pacheco-Poo, 2018 WL 6310270, at \*6, the District Court correctly declined to hold that Soriano Nunez's BRA release order mandated her release from ICE detention.[8]

IV

For the foregoing reasons, we will dismiss the appeal in part and affirm in part.

---

[8] The record here does not indicate that the purpose of ICE detention was to circumvent a district court's BRA release order. Ventura, 747 F. App'x at 21. We therefore take no position on the remedies an alien may have or relief a court in a criminal case may grant if such evidence were presented.