**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50336 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-04083-LAB |
| v. | |
| JOSE DIAZ-HERNANDEZ, | ORDER |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief Judge, Presiding

Submitted to Motions Panel November 15, 2019[*]

Before: RAWLINSON, BYBEE, and IKUTA, Circuit Judges.

ORDER

Defendant Jose Diaz-Hernandez appeals the district court's order of detention pending trial. We have jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. We hold that the district court properly declined to consider the fact that Diaz-Hernandez was subject to an immigration detainer in assessing whether Diaz-Hernandez posed a risk of flight. We therefore affirm the district

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's pretrial detention order.

## I

Diaz-Hernandez is charged with one count of being a removed alien found in the United States, in violation of 8 U.S.C. § 1326(a). At the initial appearance, the magistrate judge denied the government's motion for detention, and ordered Diaz-Hernandez released on conditions which included a $10,000 appearance bond secured by a $2,500 cash deposit. The government appealed the magistrate judge's order to the district court, arguing that Diaz-Hernandez lacked legal status in the United States, the weight of evidence against him was heavy, and he was therefore facing a substantial prison sentence before being removed from the country. The government also noted that Diaz-Hernandez had previously served a 51-month sentence following a prior conviction for illegal reentry.

During the hearing before the district court, Diaz-Hernandez's counsel claimed that Diaz-Hernandez was subject to an immigration detainer — a request from the United States Immigration and Customs Enforcement (ICE) to detain Diaz-Hernandez should he be released. Counsel argued that this detainer negated any risk of flight because if the district court released Diaz-Hernandez, he would be detained by ICE. Counsel thus contended that the government could not meet its burden of establishing that Diaz-Hernandez was a flight risk. The district court, however, declined to "wade into the likelihood that the detainer would be withheld

or filed" and thus did not consider the effect of any immigration detainer in assessing whether pre-trial release was proper. Ultimately, the court concluded that the $2,500 cash deposit ordered by the magistrate judge was insufficient to guarantee Diaz-Hernandez's presence, given his criminal and immigration history as well as his lack of legal status. While the court indicated that a $100,000 or $150,000 bond could be sufficient, it found that Diaz-Hernandez would not be able to post such a bond if it were imposed and thus ordered him detained.

## II

Under the Bail Reform Act, pretrial detention is permitted only if a judicial officer determines that there is no condition of release, or combination of conditions, which would reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(1). "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). Any doubts regarding the propriety of pre-trial release are to be resolved in favor of the defendant. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

Diaz-Hernandez argues that the district court erred in deeming him a flight risk because his immigration detainer, and detention by ICE should he be released on bail, eliminates any such risk. We hold, however, that the district court

properly declined to consider Diaz-Hernandez's immigration detainer in assessing whether pre-trial detention was appropriate under the Bail Reform Act.

The Bail Reform Act directs a district court to assess a variety of factors in determining whether there are conditions which would reasonably assure the defendant's presence. These include the history and characteristics of the defendant, the weight of evidence, and the nature and circumstances of the offense charged. *See* 18 U.S.C. § 3142(g). Notably, "immigration status is not a listed factor," and while "[a]lienage may be taken into account, [] it is not dispositive." *Santos-Flores*, 794 F.3d at 1090 (citing *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)).

In *Santos-Flores*, we held that a district court may not rely on the "existence of an ICE detainer and the probability of [the defendant's] immigration detention and removal from the United States to find that no condition or combination of conditions will reasonably assure [the defendant's] appearance pursuant to 18 U.S.C. § 3142(e)." *Santos-Flores*, 794 F.3d at 1092. In reaching this holding, we concluded that the "risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition." *Id*. at 1091. We also recognized, however, that a district court "may not . . . substitute a categorical denial of bail for the individualized evaluation required by the Bail Reform Act." *Id*. at 1091–92.

Diaz-Hernandez's argument is the mirror to the issue presented in *Santos-*

*Flores*. In *Santos-Flores,* the district court found that the defendant's immigration detainer (and the possibility of deportation) created a risk that the defendant would not appear. Diaz-Hernandez, by contrast, seeks to use his immigration detainer as conclusive evidence that he poses no risk of nonappearance. However, just as an immigration detainer cannot support the categorical denial of bail, neither can an immigration detainer support the categorical grant of bail. Rather, the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g). *Id.* at 1092.

Further, we conclude that the "individualized evaluation" required by the Bail Reform Act does not include consideration of an immigration detainer or the possibility that the defendant, if released from criminal custody, would be held in immigration custody. First, as discussed, immigration status is not an articulated factor in § 3142(g). *See id.* at 1090. Second, detention of a "criminal defendant pending trial pursuant to the [Bail Reform Act] and detention of a removable alien pursuant to the [Immigration and Nationality Act] are separate functions that serve separate purposes and are performed by different authorities." *United States v. Vasquez-Benitez*, 919 F.3d 546, 552 (D.C. Cir. 2019). A district court, addressing whether pre-trial detention is appropriate under the Bail Reform Act, may not speculate as to what may or may not happen in the future to the defendant under a different statutory and regulatory regime.

19-50336

This conclusion is supported by our analysis in *Santos-Flores*. The defendant in *Santos-Flores* was subject to an immigration detainer. 794 F.3d at 1092. Even though we held the district court erred in relying on this detainer to conclude that the defendant posed a flight risk, we affirmed the district court's alternative holding that the defendant posed a voluntary flight risk. *Id.* We noted that defendant had multiple unlawful reentries, was facing a significant prison sentence, and that the weight of evidence was heavy against him. *Id.* Consideration of these factors would have been superfluous if the defendant's immigration detainer negated any risk of flight for purposes of the Bail Reform Act. And indeed, we did not even consider the immigration detainer as a factor in this analysis. *Id.* at 1092–93.

In summary, in assessing a motion to detain a defendant pending trial, a district court must conduct an individualized evaluation that is guided by the factors articulated at 18 U.S.C. § 3142(g). A defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance.

## III

Diaz-Hernandez next argues that the district court erred in detaining him after the court theorized that there may be a condition – a $100,000 bond – which would reasonably assure Diaz-Hernandez's appearance. The district court declined

6                                                                         19-50336

to impose this condition, however, based on a finding that Diaz-Hernandez had not shown that he could post such a bond.

The district court's conclusion was proper. Imposing a bond in these circumstances could run afoul of 18 U.S.C. § 3142(c)(2), which states that a "judicial officer may not impose a financial condition that results in the pretrial detention of the person." We have held that this provision is designed to "prevent the practice of 'de facto preventative detention,' where a judge could in effect issue a detention order without a proper finding of risk of flight . . . by granting bail but setting an exorbitant financial condition that the defendant could not meet." *United States v. Fidler*, 419 F.3d 1026, 1028 (9th Cir. 2005) (quoting *United States v. Westbrook*, 780 F.2d 1185, 1187 n. 3 (5th Cir.1986)).

In ordering Diaz-Hernandez detained, the district court expressly noted its ruling was without prejudice to Diaz-Hernandez moving to reopen the detention hearing should he produce evidence showing that he, or his family, possessed the financial resources to post such a bond. In these circumstances, we conclude that reversal is not required.

**AFFIRMED.**