# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1357

———————————————

United States of America

*Plaintiff - Appellee*

v.

Domingo Pacheco-Poo, also known as Domingo Pacheco-Pu

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

————————

Submitted: January 16, 2020
Filed: March 11, 2020

————————

Before BENTON, GRASZ, and STRAS, Circuit Judges.

————————

BENTON, Circuit Judge.

The United States simultaneously prosecuted and removed Domingo Pacheco-Poo. He sought to dismiss the indictment, arguing that the government's simultaneous acts violate the Bail Reform Act (BRA) and the Constitution. The

district court[1] did not dismiss the indictment. Pacheco-Poo pleaded guilty, preserving his right to appeal. He appeals the judgment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Immigration and Customs Enforcement (ICE) detained Pacheco-Poo. The United States charged him with illegal reentry under 8 U.S.C. § 1326(a), and transferred him to the United States Marshals Service for pretrial detention. ICE then filed a detainer request with the Marshal.

Pacheco-Poo moved for pretrial release. The United States notified the court that if it ordered release, the Marshal—because of the detainer—would transfer Pacheco-Poo to ICE, which could remove him before trial. The United States magistrate judge ordered release. The district court rejected the government's motion for revocation. The Marshal transferred Pacheco-Poo to ICE.

Pacheco-Poo sought to dismiss the indictment, arguing that the Executive Branch violated his rights under the BRA and the Constitution by simultaneously proceeding with prosecution and removal. The district court refused to dismiss the indictment. Pacheco-Poo pleaded guilty, preserving his right to appeal. The district court accepted the plea, sentencing Pacheco-Poo to time served. Eleven days later, ICE removed him.

This court reviews de novo a district court's legal conclusions, and for clear error its factual findings. *See **United States v. Palmer***, 917 F.3d 1035, 1037 (8th Cir. 2019); ***United States v. Washington***, 893 F.3d 1076, 1079-80 (8th Cir. 2018).

---

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

Pacheco-Poo believes that the BRA conflicts with the Immigration and Nationality Act (INA), so that a BRA release order precludes INA removal. This interpretation would require the Executive Branch to choose: do not remove a defendant on pretrial release, or dismiss the criminal case.

Pacheco-Poo's interpretation is wrong. The BRA requires a "judicial officer" to detain a defendant pretrial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." **18 U.S.C. § 3142(e)(1)**. The INA requires the "Attorney General" to remove aliens from the United States. *See, e.g.*, **8 U.S.C. §§ 1231(a)(1)(A)**, **(a)(5)**.

The BRA and INA co-exist. "The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551 (1974). The BRA and INA regulate different entities and functions. The BRA regulates a judicial officer's pretrial release of federal criminal defendants. The INA governs the Attorney General's removal of aliens. *See United States v. Lett*, 944 F.3d 467, 470 (2d Cir. 2019) ("The BRA and the INA thus serve different purposes, govern separate adjudicatory proceedings, and provide independent statutory bases for detention."). Further, the BRA does not have any clearly expressed intention to subordinate the INA. *See United States v. Vasquez-Benitez*, 919 F.3d 546, 553 (D.C. Cir. 2019) ("The Congress has never indicated that the BRA is intended to displace the INA."). *See generally Soriano Nunez*, 928 F.3d at 240; *United States v. Veloz-Alonso*, 910 F.3d 266 (6th Cir. 2018).

Pacheco-Poo emphasizes a BRA subsection about non-citizen defendants:

> (d) If the judicial officer determines that—(1) [the defendant] . . . (B) is not a citizen of the United States or lawfully admitted for permanent residence . . . and (2) [the defendant] may flee or pose a danger to any other person or the community; such judicial officer shall order the detention of [the defendant], for a period of not more than ten days . . . and direct the attorney for the Government to notify . . . the appropriate official of the Immigration and Naturalization Service.  If the official fails or declines to take [the defendant] into custody during that period, [the defendant] shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings.

**18 U.S.C. § 3142(d)**.  He believes this subsection is the exclusive means for pretrial detention of non-citizen defendants.  *See **United States v. Trujillo-Alvarez***, 900 F. Supp. 2d 1167, 1179 (D. Or. 2012).  *See generally **United States v. Baltazar-Sebastian***, 2019 WL 6917898, at *8 (S.D. Miss. Dec. 19, 2019) (citing district court cases finding conflict between BRA and INA).

Subsection 3142(d) does not preclude removal.  Specific to this case, § 3142(d) does not apply to Pacheco-Poo because the judicial officer never determined that he might "flee or pose a danger"—a precondition for the subsection.  **18 U.S.C. § 3142(d)(2)**.  "[T]he supposed conflict between the BRA and the INA simply does not exist in this case."  ***Vasquez-Benitez***, 919 F.3d at 553.

Subsection 3142(d) does not conflict with removal.  First, the subsection regulates a "judicial officer," not an Executive Branch official, like an ICE agent.  **18 U.S.C. § 3142(d)**.  Second, it requires the judicial officer to provide notice and ten-day detention, so immigration officials may detain a non-citizen defendant who poses

a risk of flight or danger. *Id.* It does not mandate that immigration officials detain then and only then. Further, if immigration officials do detain then, the subsection does not state that the judicial officer or prosecution must dismiss criminal charges. Third, if the immigration official does not detain within ten days, "[the non-citizen defendant] shall be treated in accordance with the other provisions of this section." *Id.* Other provisions of the BRA do not preclude removal under the INA. Lastly, Pacheco-Poo finds support in the subsection's last clause: "such person shall be treated in accordance with the other provisions of this section, *notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings*." *Id.* (emphasis added). This clause clarifies that, when making the bail determination, a judicial officer shall treat a non-citizen defendant the same as a citizen defendant. It does not affect whether ICE can seek removal.

Pacheco-Poo argues that the Executive Branch has violated its regulation: "No alien shall depart . . . from the United States if his departure would be prejudicial to the interests of the United States under the provisions of § 215.3." **8 C.F.R. § 215.2(a)**.[2] That regulation governs an "alien['s]" acts, not an Executive Branch official's. *See id.* ICE's removal of Pachecho-Poo while on pretrial release, therefore, did not violate 8 C.F.R. § 215.2.

Pacheco-Poo, in passing, contends his removal violates the Fifth and Eighth Amendments. He does not cite any case nor detail any facts for this argument. Instead, he reiterates his statutory and regulatory arguments rejected above. *See*

---

[2] The relevant part of 8 C.F.R. § 215.3 says a departure is prejudicial if it includes "[a]ny alien who is needed in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States[.]" **8 C.F.R. § 215.3(g)**.

***Ahlberg v. Chrysler Corp.***, 481 F.3d 630, 638 (8th Cir. 2007) (issues not meaningfully argued are waived).

Finally, Pacheco-Poo argues that the district court should have conducted an evidentiary hearing to resolve contested issues of fact. "A district court must hold an evidentiary hearing only when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact." ***United States v. Stevenson***, 727 F.3d 826, 830 (8th Cir. 2013). This court reviews for abuse of discretion a district court's decision not to hold an evidentiary hearing. *See **id.*** Pacheco-Poo never moved for an evidentiary hearing, instead moving only to dismiss the indictment. That motion addressed only legal issues, not contested facts. The district court did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____