# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1260

———————————————

Lee Michael Pederson

*Plaintiff - Appellant*

v.

Phillip Frost; CoCrystal Pharma, Inc.; Daniel Fisher

*Defendants - Appellees*

—————————

Appeal from United States District Court
for the District of Minnesota

—————————

Submitted: December 23, 2021
Filed: December 29, 2021
[Unpublished]

—————————

Before BENTON, KELLY, and KOBES, Circuit Judges.

—————————

PER CURIAM.

Lee Pederson appeals the district court's[1] dismissal of his pro se diversity action for lack of personal jurisdiction. Upon de novo review, see Whaley v. Esebag,

———————————————

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable David T. Schultz, United States Magistrate Judge for the District of Minnesota.

946 F.3d 447, 451 (8th Cir. 2020) (standard of review), we affirm.  We find that Pederson is precluded from relitigating whether his telephone and email contact with, and prior legal representation of, defendants or their agents constituted sufficient minimum contacts to establish personal jurisdiction over them in the District of Minnesota, as this court previously decided they were not.  See Pederson v. Frost, 951 F.3d 977, 980-81 (8th Cir. 2020) (holding these contacts were insufficient to establish constitutionally required minimum contacts); Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999) (applying issue preclusion to questions of personal jurisdiction).  We find that defendants' other contacts with Minnesota--their settlement of a California real estate lawsuit, which allegedly harmed Pederson in Minnesota, and their alleged participation in nationwide securities schemes--were also insufficient to establish personal jurisdiction.  See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 137 S. Ct. 1773, 1781 (2017) (absent connection between forum and underlying controversy, specific personal jurisdiction is lacking, regardless of extent of defendant's unconnected activities in state); Walden v. Fiore, 571 U.S. 277, 290 (2014) (proper question is not where plaintiff experienced injury, but whether defendant's conduct connects him to forum in meaningful way); Whaley, 946 F.3d at 452 (factors considered in determining whether defendant's contacts with forum are sufficient).  As Pederson does not meaningfully argue the district court's imposition of sanctions under Federal Rule of Civil Procedure 11, he has waived the issue.  See United States v. Pacheco-Poo, 952 F.3d 950, 953-54 (8th Cir. 2020) (appellant waived argument, as he failed to cite any case or detail any facts in support thereof).

The judgment is affirmed.  See 8th Cir. R. 47B.  We deny the parties' pending motions to supplement the record.

_____