**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-3149 & 19-3970
_____

UNITED STATES OF AMERICA

v.

KENNETH CRAWFORD, JR.,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-18-cr-00505-001)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
June 28, 2022

_____

Before: JORDAN, PORTER, and PHIPPS,
*Circuit Judges*.

(Filed: July 13, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Kenneth Crawford, Jr., was convicted of conspiracy to defraud the government, presenting false claims for refunds, and corruptly endeavoring to obstruct the administration of the internal revenue laws. The District Court sentenced Crawford to 78 months in prison. Crawford contends that the District Court lacked jurisdiction over the prosecution. He filed a notice of appeal after the denial of his motion to dismiss the indictment and another notice of appeal following his conviction and sentence. We will dismiss his interlocutory appeal and affirm his sentence.

I

Crawford counseled his clients to fraudulently file tax returns based on a "mortgage recovery scheme," resulting in over $1.3 million in fraudulent tax refunds. Crawford held himself out as a mortgage, foreclosure, and tax consultant and solicited clients who were struggling to pay their mortgages. In exchange for a fee, Crawford assisted his clients in claiming fraudulent tax refunds. To carry out the scheme, Crawford created false tax forms, which he then filed with the IRS.

The IRS began contacting Crawford's clients to recover the fraudulently obtained refunds, but Crawford continued his scheme while directing his clients to conceal his involvement from the IRS. A grand jury charged Crawford with one count of conspiracy to defraud the United States, 18 U.S.C. § 371, eight counts of filing false claims with an agency of the United States, 18 U.S.C. §§ 2, 287, and one count of obstructing the administration of the internal revenue laws, 26 U.S.C. § 7212(a). Crawford moved to dismiss the indictment for lack of jurisdiction. The District Court denied that motion, and

2

as noted earlier, Crawford appealed. Crawford was then tried and convicted on all counts. Crawford was sentenced to 78 months' imprisonment. We now consider whether we have jurisdiction over Crawford's interlocutory appeal and whether the District Court had jurisdiction over Crawford's prosecution.

II

We review questions of our own jurisdiction de novo. *See Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012). It is well established that we have jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. In a criminal case, the final judgment is the sentence. *See Berman v. United States*, 302 U.S. 211, 212 (1937). Because an "order denying dismissal of an indictment is not a 'final judgment of the district court,'" we will dismiss Crawford's interlocutory appeal. *United States v. Soriano Nunez*, 928 F.3d 240, 243–44 (3d Cir. 2019) (quoting 28 U.S.C. § 1291). But we have jurisdiction to review the District Court's sentence. *See Parr v. United States*, 351 U.S. 513, 518 (1956); 28 U.S.C. § 1291; 18 U.S.C. § 3742.

We turn to whether the District Court had jurisdiction over Crawford's prosecution. We review questions of the District Court's jurisdiction de novo. *See Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 429 (3d Cir. 2016). Crawford's brief strains credulity and appears to endorse "sovereign citizen" arguments. *See United States v. Benabe*, 654 F.3d 753, 762 (7th Cir. 2011) (defendant "claimed that he was not the person named in the indictment because his name was not spelled with all capital letters"); Appellant Br. 1–2 ("I, Kenneth-Paul: Crawford-jr.,© . . . am not Kenneth Crawford Jr."). Among his frivolous claims, Crawford claims that the "jurisdiction (legal

3

authority) of the federal courts [w]as not derived from the U.S. Constitution; it [w]as derived from the Trading with the Enemy Act" and the Patriot Act. Appellant Br. 10 (brackets in original). He claims that federal laws apply to the District of Columbia, federal enclaves, and federal employees only. *See United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986) (rejecting similar argument as frivolous). Additionally, Crawford argues that the jurisdiction of the courts is limited to "only martial law jurisdiction." Appellant Br. 10. And because Crawford is "at peace with all men," he claims that the federal government lacks jurisdiction over him. Appellant Br. 11. Crawford's defenses have "no conceivable validity in American law" and are patently frivolous. *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *Benabe*, 654 F.3d at 767 (summarily rejecting frivolous "theories of individual sovereignty, immunity from prosecution, and their ilk" (collecting cases)).

District courts have original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231. Thus, a federal district court has jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law. *See United States v. Alvarez-Machain*, 504 U.S. 655, 657 (1992). Because the District Court properly exercised its jurisdiction in sentencing Crawford for his federal offenses, we will affirm.

\* \* \*

4

Because we lack jurisdiction over Crawford's interlocutory appeal, we will dismiss it. We will affirm the judgment of the District Court.