# Matter of Anton PANIN, Respondent

*Decided January 11, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A respondent's release from Federal pretrial criminal custody does not preclude an Immigration Judge from denying a respondent's request for release from immigration detention under section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2018).

FOR THE RESPONDENT:  Roman Leonov, Esquire, New York, New York

BEFORE:  Board Panel:  HUNSUCKER, PETTY, and CLARK, Appellate Immigration Judges.

PETTY, Appellate Immigration Judge:

The respondent, a native of the Soviet Union and citizen of Russia, appeals from the Immigration Judge's order denying his request for custody redetermination.  He contends that because a United States magistrate judge granted him release on bail in his Federal criminal proceedings, the Immigration Judge was collaterally estopped from making an independent determination of his dangerousness and flight risk.  We adopt the unanimous view of the United States courts of appeals and dismiss the respondent's appeal.

## I.  BACKGROUND

In June 2023, the respondent was charged with conspiracy to commit an offense against the United States under 18 U.S.C. § 371 (2018), money laundering conspiracy under 18 U.S.C. § 1956(h) (2018), and money laundering under 18 U.S.C. § 1956(a)(1)(B)(i).  The indictment alleges that the respondent operated a prostitution ring, transported women from Russia and Eastern Europe to engage in prostitution, and laundered tens of thousands of dollars in prostitution proceeds.  A Federal magistrate judge ordered the respondent's release from pretrial criminal custody on a $200,000.00 bond.  The Department of Homeland Security ("DHS") subsequently detained the respondent.  He filed a request for custody redetermination before the Immigration Judge.  The Immigration Judge denied the respondent's request for release on bond because he did not meet

his burden to demonstrate that he is not a danger to the community or a flight risk. This appeal followed. Whether collateral estoppel applies to the respondent's bond proceedings is a legal issue we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2020).

## II. DISCUSSION

"[T]he doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170–71 (1984). Here, the respondent claims that collateral estoppel precluded the Immigration Judge from ordering his continued immigration detention. Specifically, he argues that because the district court had already found, for purposes of pretrial release under the Bail Reform Act of 1984, Pub. L. No. 98-473, tit. II, ch. 1, 98 Stat. 1837, 1976–87 (codified as amended in scattered sections of 18 U.S.C.), that he is not a danger to the community or flight risk, the Immigration Judge was estopped from reaching a different conclusion. The respondent does not meaningfully develop any other arguments regarding the Immigration Judge's dangerousness and flight risk determinations. *See Matter of O-R-E-*, 28 I&N Dec. 330, 336 n.5 (BIA 2021) (holding that arguments not meaningfully developed on appeal are waived).

The respondent's argument misapprehends the relationship between the separate statutory authorities governing his pretrial criminal detention and his pre-order immigration detention. The respondent's pretrial criminal detention was governed by the Bail Reform Act, under which the government bore the burden to prove by clear and convincing evidence that he presented a danger to the community. *United States v. Salerno*, 481 U.S. 739, 751–52 (1987) (citing 18 U.S.C. § 3142(f)–(g)). Conversely, the respondent's pre-order immigration detention is governed by section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) (2018). *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). A noncitizen in a custody determination proceeding under this statute bears the burden to establish that he or she does not present a danger to the community, a threat to national security, or a flight risk. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

The Bail Reform Act and the INA allocate the burden of proof to different parties, "serve different purposes, govern separate adjudicatory proceedings, and provide independent statutory bases for detention." *United States v. Lett*, 944 F.3d 467, 470 (2d Cir. 2019). The authority to detain a noncitizen under the INA "does not disappear merely because the U.S. Marshal cannot detain him under the [Bail Reform Act] pending his criminal trial." *United States v. Vasquez-Benitez*, 919 F.3d 546, 553 (D.C. Cir. 2019). Indeed, every court of appeals that has addressed this issue has held that "pretrial release under

the [Bail Reform Act] does not preclude pre-removal detention under the INA." *United States v. Baltazar-Sebastian*, 990 F.3d 939, 945 (5th Cir. 2021); *accord Lett*, 944 F.3d at 471–72; *United States v. Soriano Nunez*, 928 F.3d 240, 245–47 (3d Cir. 2019); *United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018); *United States v. Pacheco-Poo*, 952 F.3d 950, 952 (8th Cir. 2020); *United States v. Barrera-Landa*, 964 F.3d 912, 918–21 (10th Cir. 2020); *Vasquez-Benitez*, 919 F.3d at 552–54.[1]

Although *Baltazar-Sebastian* controls the outcome here, we take this opportunity to establish a nationwide rule. *See* 8 C.F.R. § 1003.1(d)(1) ("[T]he Board, through precedent decisions, shall provide clear and uniform guidance to the Service, the immigration judges, and the general public on the proper interpretation and administration of the Act . . . ."). Consistent with the unanimous view of the courts of appeals that have addressed the issue, we hold that a respondent's release from Federal pretrial criminal custody does not preclude an Immigration Judge from denying a respondent's request for release from immigration detention under section 236(a) of the INA, 8 U.S.C. § 1226(a). Instead, as in any custody redetermination proceeding, an Immigration Judge must determine whether, based on the record, a respondent has demonstrated that he or she merits release on bond under the custody redetermination provisions of the INA. Accordingly, we will dismiss the respondent's appeal.

**ORDER:** The appeal is dismissed.

---

[1]  Although the Ninth Circuit has not directly addressed the issue, it has recognized that "detention of a 'criminal defendant pending trial pursuant to the [Bail Reform Act] and detention of a removable alien pursuant to the [Immigration and Nationality Act] are separate functions that serve separate purposes and are performed by different authorities.'" *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019) (alteration in original) (quoting *Vasquez-Benitez*, 919 F.3d at 552).