# Matter of Jose Luis SALAS PENA, Respondent

*Decided by Board July 31, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's recent arrest for trafficking in a large quantity of cocaine demonstrates that he is a danger to the community and does not warrant release on bond.

FOR THE RESPONDENT: Edgar M. Pinilla, Esquire, Columbia, South Carolina

FOR THE DEPARTMENT OF HOMELAND SECURITY: Devin K. Rees, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER and GOODWIN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's bond order dated February 2, 2023, granting the respondent's request for a change in custody status and releasing him from custody upon payment of a $5,000 bond. The Immigration Judge issued a bond memorandum explaining her bond decision on March 14, 2023. The respondent opposes DHS' appeal. The appeal will be sustained.

The Immigration Judge granted a change in custody status after determining that the respondent carried his burden of establishing that he is not a flight risk and that his release would not pose a danger to persons or property. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006); *see also* section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) (2018). On appeal, DHS argues that the Immigration Judge erred in her dangerousness finding.

The Immigration Judge determined that the respondent was not a danger to the community, notwithstanding his criminal history, which includes an

---

[1] Pursuant to Order No. 6369-2025, dated August 13, 2025, the Attorney General designated the Board's decision in *Matter of Salas Pena* (BIA July 31, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

arrest on September 4, 2007, for Open Container, Speeding, and Driving Without a License, and an arrest on October 4, 2022, for Trafficking in approximately 2,077 grams of cocaine. In concluding that the respondent carried his burden of proof, the Immigration Judge found that the "police report [related to his 2022 arrest] lacked indicia of reliability regarding the pending charges against the Respondent." Specifically, the Immigration Judge found that the criminal charge was "tenuous because no drugs were found on Respondent," and he was merely implicated by a woman who had accepted a FedEx parcel containing the cocaine. The Immigration Judge further found that the trace amount of cocaine found on thirty-five 100-dollar bills and other items found at the respondent's residence were not sufficient to establish that the respondent was engaged in drug trafficking.

At a bond hearing conducted pursuant to section 236(a) of the INA, 8 U.S.C. § 1226(a), the burden of proof is on the respondent to demonstrate to the satisfaction of the Immigration Judge that his release would not pose a danger to property or persons, and that the respondent is likely to appear for any future proceeding. *See Matter of Guerra*, 24 I&N Dec. at 39–40; *Matter of Adeniji*, 22 I&N Dec. 1102, 1112–13 (BIA 1999); 8 C.F.R. § 1236.1(c)(8) (2025); *see also Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009). An Immigration Judge has broad discretion to consider any matter he or she deems relevant when determining whether a lawfully detained person's release on bond is permissible or advisable. *Matter of Guerra*, 24 I&N Dec. at 39–40. Section 236(a) of the INA does not give detained aliens any right to release on bond; rather, it merely gives the Attorney General the authority to grant bond if he or she concludes, in the exercise of broad discretion, that the alien's release on bond is warranted. *Matter of D-J-*, 23 I&N Dec. 572, 575 (A.G. 2003).

Upon de novo review, we reverse the Immigration Judge's determination that the respondent met his burden to show that he is not a danger to the community. 8 C.F.R. §§ 1003.1(d)(3)(ii), 1236.1(c)(8) (2025). We recognize that the drug trafficking charge remains pending against the respondent and that he has not been convicted. However, as we held in *Matter of Guerra,* 24 I&N Dec. at 40–41, in bond proceedings, Immigration Judges are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community. *See generally Matter of Panin*, 28 I&N Dec. 771, 773 (BIA 2024) (holding that "a respondent's release from Federal pretrial criminal custody does not preclude an Immigration Judge from denying a respondent's request for release from immigration detention under section 236(a) of the INA, 8 U.S.C. § 1226(a)").

We disagree with the Immigration Judge's conclusion that "the police report lacked indicia of reliability" and afford such document more weight than did the Immigration Judge. *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 212 (BIA 2010) ("[T]he Board has authority to give different weight to the evidence from that given by the Immigration Judge."). The police report reflects that the respondent used another individual's address to ship a package of cocaine weighing approximately 2,077 grams, coordinated with her to pick up the package, and when the respondent was arrested after a traffic stop, he possessed a fake South Carolina driver's license and his vehicle contained thirty-five 100-dollar bills with traces of narcotics, a notebook that appeared to be a ledger, as well as small baggies commonly used in the sale of narcotics. Further, a subsequent search of the respondent's residence revealed a handgun inside a safe, a bank envelope containing $384.51, and a plastic bag containing an unknown white powder in the location where a K-9 gave a positive alert.

Considering the totality of the circumstances outlined in the police report, which clearly give a strong indicia of drug trafficking, and given the serious nature of the offense, we conclude that the respondent has not carried his burden of establishing that his release would not pose a danger to persons or property. *See Matter of Guerra*, 24 I&N Dec. at 39–40; 8 C.F.R. § 1236.1(c)(8); *see also* INA § 236(a), 8 U.S.C. § 1226(a); *Matter of Y-L-, A-G-, & R-S-R-*, 23 I&N Dec. 270, 275 (A.G. 2002) (discussing harm resulting from illegal drug trade); *Matter of U-M-*, 20 I&N Dec. 327, 329–30 (BIA 1991) (addressing the seriousness of drug offenses and noting that they pose a danger to the community). Thus, we reverse the Immigration Judge's decision releasing the respondent on bond. *See Matter of Siniauskas*, 27 I&N Dec. 207, 208–10 (BIA 2018) (reversing an Immigration Judge's determination that a respondent is not a danger to the community); *see generally Matter of Guerra*, 24 I&N Dec. at 39–41.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's decision is vacated, and the respondent is ordered detained without bond.